# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Thomas Fortune Fay,** ) | |
| 2048 Merrifields Drive ) | |
| Silver Spring, MD 20906 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| **Steven R. Perles,** ) | |
| 1754 Kenyon Street, NW ) | |
| Washington, DC  20007 ) | |
| ) | |
| and ) | |
| ) | |
| **Greenberg Traurig LLP** ) | |
| 800 Connecticut Av., NW ) | |
| Washington, DC 20006 ) | |
| ) | |
| *Serve:* Joe R. Reeder, Esq. ) | |
| Managing Shareholder, Mid-Atl. Region ) | |
| Greenberg Traurig, LLP ) | |
| 800 Connecticut Av., NW    Suite 500 ) | |
| Washington, DC 20006 ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT
(Compensatory Damages for Quasi-Contract, Unjust Enrichment and
Money Had and Received; Compensatory and Punitive Damages for Conversion.)

### *Jurisdiction*

1.  This court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C.

§1332;  plaintiff is a resident of the State of Maryland and defendants are residents of the District

of Columbia; the amount in controversy, exclusive of interest and costs, is One Million Dollars ($1,000,000.).

*Facts*

2.  This action is related to and involves funds affected in an action pending in this court, *Perles* v. *Kagy,* Civil No.1:01CV105(AK), in which judgment was entered on April 30, 2005, in favor of the defendant/counter-claimant in that action, Anne Marie Kagy, for a total of $1,387,001.44.

3.  In January, 1997, plaintiff and defendant Steven R. Perles entered into a contract which provided that they would act as equal share partners in the representation of a number of American citizens and/or their estates who had been victims of terrorist attacks sponsored by governments designated by the U. S. Department of State as the source of material assistance to acts of terrorism.

4. Plaintiff and defendant Perles were successful in obtaining judgments for clients in several of these cases including *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1 (D.D.C. 1998) and *Eisenfeld and Duker v. Islamic Republic of Iran,* 172 F.Supp.2d 1(D.D.C. 2000), in which cases compensatory damages were awarded in amounts of $22,513,220.00 and $27,161,002.00, respectively, which, with post-judgment interest, were paid in January, 2001.

5.  At all times relevant to the present action, attorney Anne Marie Kagy was the employee of the defendant Perles and his professional corporation, Steven R. Perles, P.C., and the agreement between plaintiff and defendant Perles was that Mr. Perles and/or his professional corporation would be solely responsible for her compensation.  Likewise, under the same agreement, plaintiff was to be solely responsible for compensation earned by Victor Holm, a

contract employee of plaintiff and his firm, Thomas Fortune Fay, P.A.  Mr. Holm, his company,

Holm Audio Visual, and his daughter and assistant, Elizabeth Holm, were responsible for the

preparation and presentation of all technical aspects, including video presentations, in the

*Flatow, Eisenfeld and Duker* cases, for which plaintiff and his law firm paid them compensation

of $2,609,864.31.

3. In December, 2000, Mr. Perles informed Mr. Fay that Ms. Kagy was asserting an

"attorney's lien" of $2,000,000. against the net proceeds (what remained after  disbursements to

the Flatow, Eisenfeld and Duker families) of the judgment payments.

4. On January 18, 2001, a sum of  $2,000,000. was transferred by wire from the Fay and

Perles escrow account established to handle the proceeds of these cases to a trust account

identified by Steven M.  Schneebaum Esq., an attorney hired by Mr. Perles to defend him against

Ms. Kagy's claim. From the time of the wire transfer until the present, it is undisputed that half

of the transferred funds were owned by plaintiff and half were owned by defendant Perles.  It was

understood and agreed by Messrs. Fay and Perles that no disbursements were to be made from

this fund without the express approval of both of them.

5. Mr. Perles's afore-cited action in this court against Ms. Kagy sought a declaratory

judgment establishing what if any legal fees were due her; Ms. Kagy counterclaimed against Mr.

Perles and his professional corporation for what she believed was due her. Mr. Fay was not sued

by Ms. Kagy, nor was he made a party in any other way in the Perles/Kagy litigation.

6. Trial of the Perles/Kagy action began in January, 2003, and continued intermittently

until entry of a final judgment on April 20, 2005, against Mr. Perles. Mr. Perles has stated to Mr.

Fay that he and his counsel represented to the trial court that the sum of $2,000,000. was being

held in trust in response to Ms. Kagy's assertion of her "attorney's lien" in that amount.

7.  On December 22, 2004, the money that had been placed in 2001 in the trust fund then identified by Mr. Perles's attorney, Mr. Schneebaum, was transferred by instruction of Mr. Schneebaum into a client trust fund maintained by defendant, Greenberg Traurig, LLP., a law firm that Mr. Schneebaum had joined as a principal some months earlier.

8.  After entry of judgment against Mr. Perles alone on April 20, 2005, Mr. Fay learned for the first time that, without his approval, disbursements had been made from the trust fund, totaling more than $400,000., to cover Mr. Perles' legal fees and expenses in the Perles/Kagy litigation, and that Messrs. Perles and Schneebaum were proposing to use the remainder of the funds in the trust account, in lieu of a supersedeas bond, to secure the judgment  while it was being appeal.

9.  On May 19, 2005,  Mr. Fay, in writing, expressly forbade any use whatever of the funds remaining in trust, and in a meeting on May 27, 2005, with Messrs. Perles and Schneebaum expressly instructed that no funds in the trust account were to be used as security for the judgment or as a substitute for any form of an appeal bond. At the meeting, plaintiff Fay demanded of both defendants that his ownership of half of the $2,000,000. be affirmed and that $1,000,000., plus accrued interest, be forthwith remitted to him

9.  Later on May 27th,  Mr. Fay memorialized his demands in a letter he sent to Messrs. Perles and Schneebaum.

10. Notwithstanding Mr. Fay's instructions, on June 2, 2005, Mr. Schneebaum sent a letter to Ms. Kagy's counsel seeking agreement to substitute the funds in the trust account for a supersedeas bond to secure the judgment on appeal.

11. On June 8, 2005, pursuant to D. C. Code, § 26-803 (2001 ed.), a notice of adverse claim was delivered to Citibank F.S.B. asserting Mr. Fay's ownership of money amounting to $1,000,000, plus interest, on deposit in Greenberg Traurig Trust Account No. 2101 970278, the trust account into which Mr. Schneebaum had transferred the funds at issue on December 22, 2004.

12. On June 16, 2005, defendant Greenberg Traurig LLP represented in writing to plaintiff Fay that $1,601,344.56 remained on deposit in the trust account.

13. On June 17, 2005, in a motion filed in the Perles/Kagy action, *supra,* Mr. Perles represented to the court that the balance remaining in the trust account, the "amount subject to lien," is $1,339,675.35.

### First Cause of Action
(Quasi-Contract: Unjust Enrichment)

14. Plaintiff incorporates herein the foregoing paragraphs 2 through 13, as if specifically restated.

15. Defendant Perles's acceptance and retention of plaintiff's deposit of $1,000,000. into the trust fund, his unauthorized use of those funds, and his knowledge of the plaintiff's ownership of that deposit have unjustly enriched him and make it inequitable for this defendant to retain these benefits without payment to plaintiff of their value.

WHEREFORE, plaintiff, Thomas Fortune Fay, demands judgment against defendant, Steven R. Perles, on this cause of action, for One Million Dollars ($1,000,000.), plus pre-judgment interest from January 18, 2001, and the costs of this action, including attorney's fees.

### Second Cause of Action
(Conversion)

16.  Plaintiff incorporates herein the foregoing paragraphs 2 through 13, as if specifically restated.

17.  Having acknowledged plaintiff's ownership of half of the amount deposited into a trust account on January 18, 2001, defendants Perles and Greenberg Traurig, LLP have rejected plaintiff's demand that they return this property to him and have refused to deliver the $1,000,000. he owns to him.

18.  Defendants' retention of plaintiff's money is knowing, wilful and intentional, without justification, and constitutes a conversion of plaintiff's property.

WHEREFORE, plaintiff, Thomas Fortune Fay, demands judgment against defendants, jointly and severally, as compensatory damages on this cause of action, for One Million Dollars ($1,000,000.), plus pre-judgment interest from January, 2001, and the costs of this action, including attorney's fees, and as punitive damages on this cause of action, the sum of One Million Dollars ($1,000,000.).

### Third Cause of Action
(Money Had and Received)

19.  Plaintiff incorporates herein the foregoing paragraphs 2 through 13, as if specifically restated.

20.  Defendants owe plaintiff One Million Dollars ($1,000,000.) for money had and received from plaintiff on or about January 18, 2001, to be paid by defendants to plaintiff.

WHEREFORE, plaintiff, Thomas Fortune Fay, demands judgment against defendants,

6

jointly and severally, on this cause of action, for One Million Dollars ($1,000,000.), plus pre-judgment interest from January 18, 2001, and the costs of this action, including attorney's fees.

_____

John W. Karr   (D.C. #57430)
Karr & Allison, P.C.
1920 N Street, NW   Suite 300
Washington, DC 20036
202-331-7600
202-293-3999 (telefax)
Attorney for plaintiff