IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS F. FAY                ) | |
|                                             ) | |
|        Plaintiff,           ) | |
|                                             ) | |
| v.                                        ) | Civil No. 1:05CV01209 |
|                                             ) | |
| STEVEN R. PERLES,        ) | |
|                                             ) | |
|        and                   ) | |
|                                             ) | |
| GREENBERG TAURIG, LLP,  ) | |
|                                             ) | |
|        Defendants.       ) | |

**DEFENDANT PERLES' MOTION FOR SUMMARY JUDGMENT AS TO
PLAINTIFF'S CLAIMS OR, IN THE ALTERNATIVE,
TO DISMISS THE COMPLAINT**

Defendant, Steven R. Perles ("Mr. Perles"), by and through his undersigned counsel, and pursuant to Rules 9(b), 12(b), 17(a), and 56 of the Federal Rules of Civil Procedure, moves for summary judgment as to the claims set forth in Plaintiff's Complaint or, in the alternative, to dismiss the Complaint. The grounds in support of Mr. Perles' Motion are set forth in the accompanying Memorandum of Law, the exhibits attached thereto which are incorporated herein by reference, and can be summarized as follows:

    1.    Mr. Perles is entitled to summary judgment with respect to Plaintiff's claims because Mr. Fay is barred by the doctrines of *collateral estoppel* and *res judicata* from relitigating issues and claims in the present suit that were raised and denied in the *Kagy* litigation or which could have been raised in that prior action. As determined by

Judge Kay in his Memorandum Opinion and Order ("Opinion") issued in the *Kagy* litigation on August 29, 2005, Plaintiff "voluntarily contributed" his co-equal share of the escrowed proceeds "… knowing and intending it to be used as security for Ms. Kagy's assertion of an 'attorney's lien' against $2,000,000.00 of the net proceeds" from the *Flatow* and *Eisenfeld and Duker* cases.  Therefore, Judge Kay found it "absurd" that Mr. Fay waited nearly five (5) years to intervene in the *Kagy* litigation to complain about the use of his share of the escrowed proceeds even though he had a personal and financial stake in the outcome of that lawsuit and actively assisted Mr. Perles in the prosecution of his claims and defense of Ms. Kagy's counterclaims;

2. Pursuant to Rules 12(b)(6) and 17(a), Mr. Fay has failed to state a claim upon which relief can be granted because he is not the real party in interest entitled to bring the present lawsuit.  The money which Mr. Fay seeks to recover from the escrow account at Greenberg Traurig, LLP, is the property of his law practice.  Accordingly, Mr. Fay's law practice, and not Mr. Fay in his individual capacity, is the party entitled to enforce the asserted right stated in the Complaint;

3. Pursuant to Rule 12(b)(1), this Court lacks jurisdiction to hear the subject matter of this lawsuit because all parties are domiciled in the District of Columbia.  The Defendants maintain their law practices in the District of Columbia and Mr. Perles has lived in that jurisdiction since 1975.  Moreover, the escrowed proceeds which Plaintiff seeks to recover stem directly from the litigation work of the Perles and Fay partnership, and to a lesser extent his law practice, both of which are domiciled and conduct business in the District of Columbia.  In brief, there is not complete diversity of citizenship between the parties; and

4. Pursuant to Rules 9(b) and 12(b)(6), Plaintiff's Complaint should be dismissed because he has failed to plead allegations and claims with specificity. Under each claim set forth in his Complaint, Mr. Fay lumps the Defendants together and intimates that they have engaged in a unified course of fraudulent conduct to deprive him of his money. Such a manner of pleading is improper, and falls far short of Rule 9(b)'s pleading requirements, because a plaintiff may not rely upon blanket references to acts or omissions by all of the Defendants to support his claims.

        Respectfully submitted,

        BREGMAN, BERBERT, SCHWARTZ
        & GILDAY, LLC

        By:_____/s/_____
        Douglas M. Bregman, Bar No. 218354
        Edward P. Henneberry, Bar No. 456202
        7315 Wisconsin Avenue
        Suite 800 West
        Bethesda, Maryland 20814
        (301) 656-2707
        *Counsel for Defendant Steven R. Perles*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of September, 2005, a copy of the foregoing Motion to Dismiss was served upon the following by first class mail, postage prepaid, and by electronic mail:

> John W. Karr, Esq.
> Karr & Allison
> Suite 300
> 1920 N Street, N.W.
> Washington, D.C. 20036
> *Counsel for Plaintiff*
>
> Eric C. Rowe, Esq.
> Geoffrey J. Greeves, Esq.
> Greenberg Traurig, LLP
> 800 Connecticut Avenue, N.W.
> Washington, D.C. 20006
> *Counsel for Defendant Greenberg Traurig, LLP*

/s/
Edward P. Henneberry