UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS FORTUNE FAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN R. PERLES, ) <br> ) <br> and ) <br> ) <br> GREENBERG TRAURIG LLP, ) <br> ) <br> Defendants. ) <br> _____) | Case Number 1:05CV01209 (PLF) |

### ANSWER OF DEFENDANT GREENBERG TRAURIG LLP

For its Answer, Defendant Greenberg Traurig LLP alleges and says:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over this matter, because the real party in interest appears either to be Thomas Fortune Fay, P.A. (a Maryland professional association with its principal place of business in the District of Columbia) or Thomas Fortune Fay, P.C., a now-dissolved professional corporation organized under the laws of the District of Columbia and having its principal place of business in the District of Columbia: in either case, there is no diversity of citizenship under 28 U.S.C. § 1332.

### SECOND DEFENSE

Plaintiff has failed to join parties indispensable under Rule 19, which parties are Thomas Fortune Fay, P.A. (a Maryland professional association with its principal place of business in the District of Columbia) and Thomas Fortune Fay, P.C., a now-dissolved professional corporation organized under the laws of the District of Columbia and having its principal place of business in the District of Columbia.

### THIRD DEFENSE

Plaintiff is not the real party in interest and lacks standing to pursue this action.

### FOURTH DEFENSE

A claim for conversion against Greenberg Traurig cannot lie because Greenberg Traurig has engaged in no unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto. Greenberg Traurig asserts no ownership interest at all in the account in question.

### FIFTH DEFENSE

A claim for money had and received against Greenberg Trauring cannot lie, because Greenberg Trauring does not "have" the account in question, but rather is holding it according to the instructions of its client. Further, Greenberg Traurig has not been unjustly enriched by holding the account.

### SIXTH DEFENSE

In response to the specific numbered paragraphs of Plaintiff's Complaint, Greenberg Traurig alleges and says:

1. [paragraph #1] It is admitted that the defendants are residents of the District of Columbia, and that the amount in controversy is in excess of One Million Dollars. Except as admitted, the allegations of paragraph 1 are denied.

2. [paragraph #2] It is admitted that judgment has been entered in favor of Anne Marie Kagy ("Ms. Kagy") in the related action styled *Perles v. Kagy*, case no. 1:01cv105 (AK). Except as admitted, the allegations of paragraph 2 are denied.

3. [first paragraph #3] Greenberg Traurig is without information sufficient upon which to form a belief as to the truth of the allegations in the first paragraph 3 and the same are accordingly denied.

4. [first paragraph #4] The allegations contained in the first paragraph 4 are admitted, on information and belief.

2

5. [first paragraph #5] Greenberg Traurig is without information sufficient upon which to form a belief as to the truth of the allegations in the first paragraph 5 and the same are accordingly denied.

6. [second paragraph #3] Greenberg Traurig is without information sufficient upon which to form a belief as to the truth of the allegations in second paragraph 3 and the same are accordingly denied.

7. [second paragraph #4] It is admitted that on January 18, 2001, with respect to the lien and claim asserted by Ms. Kagy, and at the instruction of both Plaintiff and Defendant Perles, the sum of $2,000,000 was transferred by wire to a trust account maintained by Patton Boggs LLP. It is further admitted that Steven M. Schneebaum was at that time a partner in that firm. Except as admitted, the allegations of the second paragraph 4 are denied.

8. [second paragraph #5] It is admitted that the civil action instituted by Steven R. Perles, P.C., sought a declaratory judgment establishing what if any fees were due to Ms. Kagy, that Ms. Kagy counterclaimed against Steven R. Perles, P.C., and brought a third party action against Mr. Perles personally, and that Ms. Kagy did not seek to join Mr. Fay as a formal party to the lawsuit. Except as admitted, the allegations of the second paragraph 5 are denied.

9. [paragraph #6] It is admitted that judgment was entered in the Perles/Kagy matter on April 21, 2005. Except as admitted, the allegations of paragraph 6 are denied.

10. [paragraph #7] It is admitted that Mr. Schneebaum left Patton Boggs and joined Greenberg Traurig on October 11, 2004, and that the balance of money relating to the Kagy matter in the Patton Boggs trust account was subsequently transferred to a trust account maintained by Greenberg Traurig. Except as admitted, the allegations of paragraph 7 are denied.

11. [paragraph #8] The allegations in paragraph 8 are denied.

12. [first paragraph #9] It is admitted that Plaintiff wrote a letter dated May 19, 2005, and that Plaintiff attended a meeting with Mr. Schneebaum and Mr. Perles on May 27, 2005. Except as admitted, the allegations of the first paragraph 9 are denied.

13. [second paragraph #9] It is admitted that Mr. Fay sent a letter to Messrs. Perles and Schneebaum dated May 27, 2005. Except as admitted, the allegations of the second paragraph #9 are denied.

14. [paragraph #10] It is admitted that Defendant Perles, through Mr. Schneebaum, sought agreement from Ms. Kagy's counsel to substitute the funds in the trust account for a supersedeas bond to secure the judgment pending appeal, and that Ms. Kagy's counsel declined to enter into such agreement. Except as admitted, the allegations of paragraph 10 are denied.

15. [paragraph #11] It is admitted that Plaintiff sent correspondence to Citibank. It is denied that such correspondence had any legal effect. Except as admitted, the allegations of paragraph 11 are denied.

16. [paragraph #12] The allegations of paragraph 12 are admitted.

17. [paragraph #13] The allegations of paragraph 13 are denied.

18. [paragraph #14] In response to the allegations contained on paragraph 14 of the Complaint, the responses contained in paragraphs 1 through 17 of this Answer are incorporated herein by reference.

19. [paragraph #15] The allegations of paragraph 15 are denied.

20. [paragraph #16] In response to the allegations contained on paragraph 16 of the Complaint, the responses contained in paragraphs 1 through 19 of this Answer are incorporated herein by reference.

21. [paragraph #17] The allegations of paragraph 17 are denied.

22.     [paragraph #18] The allegations of paragraph 18 are denied.

23.     [paragraph #19] In response to the allegations contained on paragraph 19 of the Complaint, the responses contained in paragraphs 1 through 22 of this Answer are incorporated herein by reference.

24.     [paragraph #20] The allegations of paragraph 20 are denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Greenberg Traurig are barred by res judicata or collateral estoppel by virtue of the decision and order of the Honorable United States Magistrate Judge Alan Kay filed on August 29, 2005, denying Plaintiff's motion to intervene in *Perles v. Kagy*, case no. 1:01cv105 (AK).

### SECOND AFFIRMATIVE DEFENSE

The account in question was subject to a lien or other interest established in favor of Ms. Anne Marie Kagy, which lien or other interest was established prior to October 11, 2004, and was superior to any claim that might be asserted by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Having voluntarily subjected his "one half" of the fund to the lien claimed by Ms. Kagy, Plaintiff is estopped from pursuing this action.

### FOURTH AFFIRMATIVE DEFENSE

All transactions respecting the subject account were directed by Defendant Steven R. Perles, who had actual and apparent authority to direct such transactions.

### FIFTH AFFIRMATIVE DEFENSE

As alleged by Plaintiff in the complaint, he and Defendant Perles were partners. As a result, actions of Defendant Perles regarding the partnership property are binding upon the partnership of Mr. Fay and Mr. Perles.

## SIXTH AFFIRMATIVE DEFENSE

Greenberg Traurig has no liability to Plaintiff for any event occurring prior to October 11, 2004.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches, as Plaintiff has waited an unreasonably long time to assert his alleged rights, and the Defendants have been prejudiced by his failure to act in a timely manner.

WHEREFORE, having answered the Complaint, Defendant Greenberg Traurig respectfully asks that the action against it be dismissed with prejudice, that the costs and expenses of this action be assessed against the Plaintiff, and that Greenberg Traurig be granted such other and further relief as the Court may deem just and appropriate.

Respectfully submitted, this 7th day of September, 2005.

GREENBERG TRAURIG LLP

*/s/ Eric C. Rowe*

By: Eric C. Rowe, 466182
Geoffrey J. Greeves, 463035
Greenberg Traurig LLP
800 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)
email: rowee@gtlaw.com
       greevesg@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer was served upon the following by first-class mail, postage prepaid, and by email:

John W. Karr, Esq.
Karr & Allison
Suite 300
1920 N Street, N.W.
Washington, D.C. 20036
jwkarr@msn.com

Douglas Bregman, Esq.
Edward Paul Henneberry, Esq.
Bregman, Berbert, Schwartz & Gilday PLLC
7315 Wisconsin Avenue
Bethesda, Maryland 20814
dbregman@bregmanlaw.com
thenneberry@bregmanlaw.com

_____
Eric C. Rowe