UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**Steven R. Perles, P.C.,** :

    Plaintiff/Counterclaim Defendant : Civil No.1:0ICVI05(ESH/AK)

v. :

**Anne Marie Kagy,** :

    Defendant/Counterclaim Plaintiff :

**Steven R. Perles, Esq,** :

    Third-Party Defendant. :

## MEMORANDUM OF POINTS AND AUTHORITIES
## SUPPORTING MOTION TO INTERVENE

### STATEMENT OF FACTS

In January, 1997, Messrs Fay and Perles entered into a contract which provided that they would act as equal share partners in the representation of a number of American citizens and/or their estates who had been victims of terrorist attacks sponsored by governments designated by the U. S. Department of State as the source of material assistance to acts of terrorism.

Messrs. Fay and Perles were successful in obtaining judgments for clients in several of these cases including *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1 (D.D.C. 1998) and *Eisenfeld and Duker v. Islamic Republic of Iran,* 172 F.Supp.2d 1(D.D.C. 2000), in which cases compensatory damages were awarded in amounts of $22,513,220.00 and $27,161,002.00, respectively, which, with post-judgment interest, were paid in January, 2001.

At all times relevant to the present action, attorney Anne Marie Kagy was the employee

**EXHIBIT 4**

of Mr. Perles and his professional corporation, Steven R. Perles, P.C., and the agreement between Mr. Fay and Mr. Perles was that Mr. Perles and/or his professional corporation would be solely responsible for her compensation. Likewise, under the same agreement, Mr. Fay was to be solely responsible for compensation earned by Victor Holm, a contract employee of Mr. Fay and his firm, Thomas Fortune Fay, P.A. Mr. Holm, his company, Holm Audio Visual, and his daughter and assistant, Elizabeth Holm, were responsible for the preparation and presentation of all technical aspects, including video presentations, in the *Flatow, Eisenfeld and Duker* cases, for which Mr. Fay and his law firm paid them compensation of $2,609,864.31.

In December, 2000, Mr. Perles informed Mr. Fay that Ms. Kagy was asserting an "attorney's lien" of $2,000,000. against the net proceeds (what remained after disbursements to the Flatow, Eisenfeld and Duker families) of the judgment payments.

On January 18, 2001, a sum of $2,000,000. was transferred by wire from the Fay and Perles escrow account established to handle the proceeds of these cases to a trust account identified by Steven M. Schneebaum Esq., an attorney hired by Mr. Perles to defend him against Ms. Kagy's claim. A copy of the computer printout evidencing the wire transfer is attached hereto as Exhibit "A." From the time of the wire transfer until the present, it is undisputed that half of the transferred funds were owned by Mr. Fay and half were owned by Mr.Perles. It was understood and agreed by Messrs. Fay and Perles that no disbursements were to be made from this fund without the express approval of both of them.

Mr. Perles's afore-cited action in this court against Ms. Kagy sought a declaratory judgment establishing what if any legal fees were due her; Ms. Kagy counterclaimed against Mr. Perles and his professional corporation for what she believed was due her. Mr. Fay was not sued by Ms. Kagy, nor was he made a party in any other way in the Perles/Kagy litigation.

Trial of the Perles/Kagy action began in January, 2003, and continued intermittently until entry of a final judgment on April 20, 2005, against Mr. Perles only. Mr. Perles has stated to Mr. Fay that he and his counsel represented to the trial court that the sum of $2,000,000. was being held in trust in response to Ms. Kagy's assertion of her "attorney's lien" in that amount.

On December 22, 2004, the money that had been placed in 2001 in the trust fund then identified by Mr. Perles's attorney, Mr. Schneebaum, was transferred by instruction of Mr. Schneebaum into a client trust fund maintained by his law firm, Greenberg Traurig, LLP., a law firm that Mr. Schneebaum had joined as a principal some months earlier.

After entry of judgment against Mr. Perles alone on April 20, 2005, Mr. Fay learned for the first time that, without his approval, disbursements had been made from the trust fund, totaling more than $400,000., to cover Mr. Perles' legal fees and expenses in the Perles/Kagy litigation, and that Messrs. Perles and Schneebaum were proposing to use the remainder of the funds in the trust account, in lieu of a supersedeas bond, to secure the judgment while it was being appeal.

. On May 19, 2005, Mr. Fay, in writing, expressly forbade any use whatever of the funds remaining in trust. A copy of his letter dated May 19, 2005 requesting a meeting with Messrs. Perles and Schneebaum and instructing them that the escrow account was not to be used as security upon any appeal bond or as security in the Court of Appeals is attached as Exhibit "B." In a meeting on May 27, 2005, with Messrs. Perles and Schneebaum, Mr. Fay iterated the instruction that no funds in the trust account were to be used as security for the judgment or as a substitute for any form of an appeal bond, and demanded of both of them that his ownership of half of the $2,000,000. be affirmed and that $1,000,000., plus accrued interest, be forthwith remitted to him.

Later on May 27th, Mr. Fay memorialized his demands in a letter he sent to Messrs. Perles and Schneebaum, a copy of which is attached hereto as Exhibit "C.".

Notwithstanding Mr. Fay's instructions, on June 2, 2005, Mr. Schneebaum sent a letter to Ms. Kagy's counsel seeking agreement to substitute the funds in the trust account for a supersedeas bond to secure the judgment on appeal, a copy of which is attached hereto as Exhibit "D."

On June 8, 2005, pursuant to D. C. Code, § 26-803 (2001 ed.), a notice of adverse claim was delivered to Citibank F.S.B. asserting Mr. Fay's ownership of money amounting to $1,000,000, plus interest, on deposit in Greenberg Traurig Trust Account No. 2101 970278, the trust account into which Mr. Schneebaum had transferred the funds at issue on December 22, 2004, a copy of which is attached as Exhibit "E." A copy of the notice was delivered that day to Greenberg Traurig, a copy of which is attached hereto as Exhibit "F."

On June 16, 2005, Greenberg Traurig LLP represented in writing to Mr. Fay that $1,601,344.56 remained on deposit in the trust account.

On June 17, 2005, in a motion filed in the Perles/Kagy action, *supra,* Mr. Perles represented to the court that the balance remaining in the trust account, the "amount subject to lien," is $1,339,675.35.

**ARGUMENT**

District of Columbia Rule of Professional Conduct 1.15 requires in pertinent part that any funds in dispute being held an attorney must be kept separate and apart until the dispute is resolved. Rule 1.15 adopts the rule found in decisional law prohibiting an attorney from withdrawing funds without the consent of the owner of those funds. See *In Re Harr,* 698 A.2d

412 (1997). The wire transfer form, a copy of which went to Mr. Schneebaum, clearly indicates the ownership of the funds being deposited as "Stevn R. Perles & Thomas Fortune Fay." Moreover, Mr. Schneebaum met with Mr. Perles and Mr. Fay on that same day and was told by them of the ownership of the funds. Any unauthorized use of such funds constitutes a misappropriation of funds. See *In Re Chang,* 694 A.2d 877 (1997). It is evident under the rule described in *In Re Harr, supra,* that any disagreement as to use of the funds must be resolved before they may be used in any way.

Courts have cited three factors in determining whether the right to intervene in litigation is sufficient: (1) an interest in the subject matter; (2) substantial risk that the litigation will impair the interest; and (3) existing parties do not adequately protect that interest. *Purcell v. Bank Atlantic Financial Com.,* 85 F.3d 1508 (11th Cir. 1996), cert. denied 519 U.S. 867, 117 S.Ct. 178, 136 L.Ed.2d 118 (1996).

Mr. Fay's ownership of his portion of the funds certainly qualifies as an interest in the subject matter. As to the second peg, if intervention were not be allowed here, One Million Dollars ( $1,000,000.) owned by Mr. Fay will in all likelihood be lost. Mr. Perles has publicly boasted that his assets are held such ways that judgment creditors holders will not be able to reach them. See *United States v. Peoples Benefit Life Insurance Company,* 271 F.3d 411 (2d Cir. 2001).

Given the present circumstances and the rapid dissipation to date of funds on deposit in the trust accounts, there is a virtual certainty that the litigation will impair the interest entitled to protection. Moreover, a failure by Mr. Fay to challenge Mr. Perles's unauthorized use of the funds almost certainly would be raised as a waiver of Mr Fay's ownership and right to possession of the funds.

The only parties remaining in this action are Steven R. Perles and Anne Marie Kagy. Mr. Perles has demonstrated in his motion that far from protecting Mr. Fay's property he intends to use it to pay his judgment debt. Certainly the judgment creditor, Ms. Kagy cannot be expected to take action to protect Mr. Fay's interest in the fund. See, *Twelve John Does v. District of Columbia,* 117 F.3d 571 (D.C. Cir.1997).

## CONCLUSION

The requirements for intervention are present here and the motion should accordingly, be granted.

June 19, 2005

John W. Karr
John W. Karr (D.C. #57430)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**Steven R. Perles, P.C.,** :
:
    Plaintiff/Counterclaim Defendant :    Civil No.1:0lCVI05(ESH/AK)
:
v. :
:
**Anne Marie Kagy,** :
:
    Defendant/Counterclaim Plaintiff :
:
:
**Steven R. Perles, Esq,** :
:
    Third-Party Defendant. :

## ORDER

Upon consideration the motion of Thomas Fortune Fay to intervene in this action to oppose the pending motion of counterclaim defendant and third-party defendant for a stay pending appeal, and the Court having found that the movant has an interest in the subject matter; that there is a substantial risk that the litigation will impair his interest; and that existing parties do not adequately protect that interest, it is this day of _____, 2005

ORDERED, that the said motion be, and the same hereby is, granted, and that Thomas Fortune Fay may appear as a matter of right in this action for the limited purpose of opposing the motion and use(s) of money on deposit to which he asserts ownership and the right to possession, consisting of the One Million Dollars ($1,000,000.) on deposit in the Greenberg Traurig LLP client trust account.

                                                         _____
                                                          United States Magistrate Judge

COPIES TO:

Steven M. Schneebaum, Esq.
Greenberg Traurig, LLP
Attorneys for Steven R. Perles, Esq.

David E. Sher, Esq.
Mark D. Cummings, Esq.
Sher, Cummings & Ellis
Attorneys for Anne Marie Kagy, Esq.

John W. Karr, Esq.
Karr & Allison, P.C.
Attorneys for Thomas Fortune Fay, Esq.

Case 1:05-cv-01209-PLF   Document 10-5   Filed 09/09/2005   Page 9 of 17
Saturday, June 18, 2005 3:36 PM   Thomas Fortune Fay 202-589-1721
Case 1:01-cv-00105-AK   Document 122-2   Filed 06/20/2005   Page 1 of 3   p.C2

Page: 1   Document Name: untitled

```
MTI1 ZMTI2000      DOMESTIC FEDWIRE TRANSFER INITIATION        PAGE 1
  TEMPLATE NO: 000000         ACCOUNT INFO: 301 D 1841278443  11:19:05 01/18/01
  RE-ENTER AMT:   2,000,000.00 ACCOUNT NAME: STEVN R PERLES & THOMAS FORTUNE FAY
-------------------------------------------------------------------------------
                         ORIGINATOR INFORMATION
ORIGINATOR ID CODE: D    D=ACCOUNT #    3=DRIVER LICENSE #   9=OTHER ID
                         1=PASSPORT #   4=ALIEN REGISTRATION #
                         2=TAX ID #     5=CORPORATE ID
ORIGINATOR ID #:         1841278443
ORIGINATOR NAME:         STEVN R PERLES & THOMAS FORTUNE FAY
ORIGINATOR ADDRESS:      1615 NEW HAMPSHIRE NW SUITE 200
                         WASHINGTON           DC 20009




            ******PRESS PF8 TO COMPLETE ADDITIONAL PAGES******
    PF8=PAGE DOWN    PF9 = HELP   PF10=INITIATE TRANSFER   PF12=CANCEL
```

PERLES v. KAGY
USDCDC#1:01cv105(AK)
EXHIBIT "A"

Date: 01/18/2001   Time: 11:19:42 AM

Page: 1 Document Name: untitled

```
MTI1 ZMTI2005      DOMESTIC FEDWIRE TRANSFER INITIATION            PAGE 2
  TEMPLATE NO: 000000           ACCOUNT INFO: 301 D 1841278443   11:20:43 01/18/01
       AMOUNT:    2,000,000.00 ACCOUNT NAME: STEVN R PERLES & THOMAS FORTUNE FAY
---------------------------------------------------------------------------
                         BENEFICIARY INFORMATION
       ***BENEFICIARY ID CODE, ID #, NAME AND ADDRESS SHOULD BE PROVIDED***
BENEFICIARY ID CODE:          D    D=ACCOUNT #     3=DRIVER LICENSE #   9=OTHER ID
                                   1=PASSPORT #    4=ALIEN REGISTRATION #
                                   2=TAX ID #      5=CORPORATE ID
BENEFICIARY ID #:             17299096
BENEFICIARY NAME:             PATTON BOGGS, LLP
BENEFICIARY ADDRESS:          _____
                              _____
                              _____

BENEFICIARY ADVICE CODE:      ___ (LTR=LETTER,PHN=PHONE,TLX=TELEX,WRE=WIRE)
BENEFICIARY ADVICE INFO:      _____
                              _____
                              _____
                                            BENEFICIARY REF: _____
ORIGINATOR TO BENEFICIARY INFO: RE: STEVEN R. PERLES, PC
CONTACT: STEVEN M. SCHNEEBAUM
                                            **PRESS PF8 TO COMPLETE ADDITIONAL PAGES**
PF7=PAGE UP  PF8=PAGE DOWN    PF9=HELP   PF10=INITIATE TRANSFER   PF12=CANCEL
```

Date: 01/18/2001 Time: 11:21:19 AM

Case 1:05-cv-01209-PLF   Document 10-5   Filed 09/09/2005   Page 11 of 17
Saturday, June 15, 2005 3:36 PM   Thomas Fortune Fay 202-589-1721   p.04
Case 1:01-cv-00105-AK   Document 122-2   Filed 06/20/2005   Page 3 of 3

e: 1 Document Name: untitled

```
I1 ZMTI2010      DOMESTIC FEDWIRE TRANSFER INITIATION           PAGE 3
EMPLATE NO: 000000          ACCOUNT INFO: 301 D 1841278443   11:21:01 01/18/01
   AMOUNT:   2,000,000.00 ACCOUNT NAME: STEVN R PERLES & THOMAS FORTUNE FAY
-------------------------------------------------------------------------
              RECEIVING FINANCIAL INSTITUTION INFORMATION

CEIVER FI #(ABA #):     054000030
CEIVER FI NAME:         RIGGS BANK NATIONAL ASSOCIATION
TY/STATE:               WASHINGTON              DC
CEIVER FI INFO:


-------------------------------------------------------------------------

R ADDITIONAL INFORMATION , PLACE AN 'X' NEXT TO ALL ADDITIONAL PAGES NEEDED:
         _ BENEFICIARY FINANCIAL INSTITUTION INFORMATION
         _ INTERMEDIARY FINANCIAL INSTITUTION INFORMATION
         _ ANY OTHER ADDITIONAL INFORMATION
          ******PRESS PF10 TO INITIATE TRANSFER******
7=PAGE UP   PF9=HELP   PF10=INITIATE TRANSFER   PF12=CANCEL
```

e: 01/18/2001 Time: 11:21:35 AM

Saturday, June 18, 2005 3:56 PM  Thomas Fortune Fay 202-589-1721  p.05

Case 1:05-cv-01209-PLF   Document 10-5   Filed 09/09/2005   Page 12 of 17
Case 1:01-cv-00105-AK   Document 122-3   Filed 06/20/2005   Page 1 of 1

# THOMAS FORTUNE FAY, PA

Attorney at Law
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
Tel. 202/638-4534
Fax 202/589-1721
ThomasFay@aol.com

May 19, 2005

Steven R. Perles, Esq.
1146 Nineteenth St., NW
Suite 500
Washington, DC 20036

Steven M. Schneebaum, Esq.
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006

Re: Perles v. Kagy

Gentlemen:

    I understand that an Order has been entered in the above action, nunc pro tunc April 20, 2005, finally resolving all remaining issues in the District Court and entering judgment for Ms. Kagy. Let me note that the lien asserted by Ms. Kagy was upon the proceeds from the Flatow and Eisenfeld cases, not upon the Perles share. On that basis I agreed to deduct $2,000,000.00 from the Fay and Perles joint net proceeds to cover the amount of the asserted lien. Obviously a number of issues remain open including the question of whether the entire amount being held is subject to enforcement upon any judgment entered against Steve Perles, but not against me.

    This case is not of assistance to us in solving our problems in the litigation we have filed against terrorist nations. If at all possible, it should come to an end now. I would suggest that we meet immediately to discuss the means by which this matter might be brought to closing curtain. In the meantime, I do not consent to deposit of the Thomas Fortune Fay share as security upon any appeal bond or as security in the Court of Appeals.

Very truly yours,

Thomas Fortune Fay

TFF/pc

PERLES v. KAGY
USDCDC#1:01cv105(AK)
EXHIBIT "B"

Case 1:05-cv-01209-PLF   Document 10-5   Filed 09/09/2005   Page 13 of 17
Saturday, June 18, 2005 3:38 PM   Thomas Fortune Fay 202-589-1721   p 06
Case 1:01-cv-00105-AK   Document 122-4   Filed 06/20/2005   Page 1 of 1

# THOMAS FORTUNE FAY, PA

**Attorney at Law**
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
Tel. 202/638-4534
Fax 202/589-1721
ThomasFay@aol.com
May 27, 2005
*By Facsimile*

Steven R. Perles, Esq.
1146 Nineteenth St., NW
Suite 500
Washington, DC 20036

Steven M. Schneebaum, Esq.
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006

    Re:    Perles v. Kagy

Gentlemen:

    After our meeting this morning, I returned to my office and carefully read through my file on Anne Marie Kagy, including my deposition. Nowhere do I find any indication that I at any time agreed to pay one half of Anne Marie's compensation for her employment efforts or one half any judgment arising out of her work for Steve Perles. I do not have a copy of any retainer agreement or escrow agreement with regard to Perles v. Kagy and I have no recollection of having signed any such agreements. Under these circumstances I think it best if copies of any such documents be sent to me immediately. If there are no documents of this description located, please confirm this in writing.

    At the time of deposit of $2,000,000.00 from the joint fee proceeds from the Flatow, Duker and Eisenfeld cases, it was my understanding that it was to be deposited in a Patton Boggs escrow account. I understand that it has been transferred to an escrow account at Greenberg Traurig. I am concerned that approximately $425,000.00 has been transferred from that account representing legal fees and costs. At one point Steve Perles informed me that there was testimony before Judge Jackson to the effect that $2,000,000.00 had been deposited pursuant to David Sher's letter of December 4, 2000 in which he spoke of an "equitable lien." I am very concerned that this may be considered by

                                                  PERLES v. KAGY
                                                  USDCDC#1:01cv105(AK)
                                                  EXHIBIT "C"

# Greenberg Traurig

Steven M. Schneebaum
Tel. 202.530.8544
Fax 202.331.3101
schneebaums@gtlaw.com

June 2, 2005

Mark D. Cummings, Esq.
Sher, Cummings & Ellis
3800 North Fairfax Drive, Suite 7
Arlington, Virginia 22203

Re:  *Perles v. Kagy*, No. 01-0105 (D.D.C.)

Dear Mark:

As you know, the Amended Final Order of Magistrate Judge Kay in the above-captioned action affirms the equitable lien in favor of your client in the amount of $1,339,675.35. You will also recall that, when your side first asserted the lien, Mr. Perles deposited in the trust account of Patton Boggs LLP the sum of two million dollars. The balance of that trust account has since been transferred to Greenberg Traurig LLP.

The balance in the account, which has been used to pay legal fees and related disbursements, but which has accrued interest, continues to be well in excess of the amount subject to the lien, and indeed of the total amount of the judgment ($1,387,001.44, plus interest at the statutory date as from the date of the Amended Final Order).

The existence of the lien on the account will maintain it intact during the pendency of the appeal. In addition, you have my undertaking that the account will be sufficient to cover not only the *Flatow* part of the judgment as to which the lien was upheld, but the entire judgment, including the interest that will accrue on it as the appeal moves forward.

I am writing to ask you to accept this undertaking, together with the lien, as sufficient security for the judgment, in lieu of a supersedeas bond. If you agree, then please so acknowledge in writing and nothing more need be done. If you do not agree, then we intend to move the Court to stay execution of the judgment on the terms set out in this letter, without a bond.

I will appreciate your professional courtesy in letting me know your and your client's position on this as promptly as possible.

Yours sincerely,

*[signature]*
Steven M. Schneebaum

PERLES v. KAGY
USDCDC#1:01cv105(AK)
EXHIBIT "D"

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com

Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101

Case 1:05-cv-01209-PLF     Document 10-5     Filed 09/09/2005     Page 15 of 17
Saturday, June 18, 2005 3:36 PM    Thomas Fortune Fay 202-589-1721    p.07
Case 1:01-cv-00105-AK     Document 122-5     Filed 06/20/2005     Page 2 of 2

a judge at the end of the Perles v. Kagy case to be a committment to maintain the $2,000,000.00 amount as security to pay any judgment entered for Ms. Kagy. I would request that the remaining balance on the $2,000,000.00 deposit be held without further deduction pending review of what was said in District Court to Judge Jackson on this point.

    I repeat my request for return of one half of the original escrow deposit amount. I did not agree to pay half of Anne Marie Kagy's compensation or half of any judgment entered on her behalf. I request that you immediately inform me should any enforcement upon the judgment entered against Steve Perles be attempted by Ms. Kagy. As I indicated in my letter of May 19, 2005, I do not consent to deposit of the Thomas Fortune Fay share of the escrow deposit as security upon any appeal bond or as security in the Court of Appeals.

                                    Very truly yours,

                                    Thomas Fortune Fay

TFF/pc

Saturday, June 15, 2005 3:36 PM
Case 1:05-cv-01209-PLF    Document 10-5    Filed 09/09/2005    Page 16 of 17
FROM : KARR&ALLISON
Case 1:01-cv-00105-AK    Document 122-6    Filed 06/20/2005    Page 1 of 1
FAX NO. : 2022933999
Thomas Fortune Fay 202-589-1721
Jun. 08 2005 12:47PM P1
p.09

# KARR & ALLISON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

JOHN W. KARR
Direct Dial (202) 737-3844

THEODORE S. ALLISON[1]
Direct Dial (202) 466-4046

[1] ALSO ADMITTED
IN VA, MD, CA, WA

SUITE 300
1920 N STREET, N.W.
WASHINGTON, D.C. 20036

TELEPHONE (202) 331-7600

FACSIMILE (202) 293-3999
INTERNET WWW.KARRALLISON.COM

June 8, 2005

*By messenger*

Citibank, F.S.B.
Farragut West Branch
1775 Pennsylvania Av., NW
Washington, DC 20006

Attention: Branch Manager

Dear Sir or Madam:

Pursuant to D. C. Code, § 26-803 (2001 ed.), Citibank, F.S.B. is hereby notified of the adverse claim of our client, Thomas Fortune Fay, Esq., to money on deposit in an account titled Greenberg Taurig Trust Account No. ▆▆▆▆▆▆, to the extent of an amount of One Million Dollars ($1,000,000.), to which he claims ownership. The cause of action prescribed by the statute will be filed within the required "reasonable and brief period." See, *Stevenson v. First Nat'l Bank*, 395 A.2d 21 (D.C. 1978).

Thank you for your consideration.

Sincerely,

John W. Karr

\r

PERLES v. KAGY
USDCDC#1:01cv105(AK)
EXHIBIT "E"

# KARR & ALLISON, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

JOHN W. KARR
Direct Dial (202) 737-3844

THEODORE S. ALLISON†
Direct Dial (202) 452-4848

† ALSO ADMITTED
IN VA, MD, CA, WA

SUITE 300
1920 N STREET, N.W.
WASHINGTON, D.C. 20036

TELEPHONE (202) 331-7600

FACSIMILE (202) 294-3999
INTERNET www.karrallison.com

June 8, 2005

*By messenger, and telefacsimile to 202-331-3101*

Joe R. Reeder, Esq.
Managing Shareholder, Mid-Atlantic Region
Greenberg Traurig, LLP
800 Connecticut Av., NW   Suite 500
Washington, DC 20006

Dear Mr. Reeder:

Enclosed is a copy of a notice of adverse claim to money on deposit in Citibank, F.S.B., in an account titled Greenberg Traurig Trust Account No. [redacted], delivered this morning to Citibank's Farragut West branch, 1775 Pennsylvania Av., NW, Washington, DC 20006, in behalf of my client, Thomas Fortune Fay, Esq., the owner of One Million Dollars ($1,000,000.), plus accrued interest, of such funds. This notice has been served under authority of D. C. Code, § 26-803 (2001 ed.). The cause of action prescribed by the statute will be filed within the required "reasonable and brief period." See, *Stevenson v. First Nat'l. Bank*, 395 A.2d 21 (D.C. 1978).

Also enclosed are copies of letters dated May 27, 2005, from Mr. Fay to Steven Schneebaum, Esq.; June 2, 2005, from Mr. Schneebaum to Mark D. Cummings, Esq.; and June 7, 2005, from Mr. Fay to Mr. Schneebaum and your client, Steven R. Perles, Esq., which canvass the nature and dimension of the dispute and our concern about an apparent breach of the integrity of this trust fund and its consequent loss to Mr. Fay.

Sincerely,

John W. Karr

enclosures mentioned\r

PERLES v. KAGY
USDCDC#1:01cv105(AK)
EXHIBIT "F"