UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
THOMAS FORTUNE FAY,                       )
                                          )
         Plaintiff,                       )
                                          )
    v.                                    )          Civil Action No. 05-1209 (PLF)
                                          )
STEVEN R. PERLES, <u>et al.</u>,          )
                                          )
         Defendants.                      )
_____ )


ORDER

          Plaintiff filed suit against defendants Steven R. Perles and Greenberg Traurig LLP

on June 20, 2005.  The complaint alleges claims of quasi-contract, unjust enrichment, and

"money had and received," and asserts that this Court has diversity jurisdiction over this action

under 28 U.S.C. § 1332.  Perles filed a motion to dismiss or for summary judgment on

September 7, 2005; Greenberg Traurig subsequently filed a motion for judgment on the

pleadings.

          The filings in this case raise a significant question as to the existence of diversity

jurisdiction not addressed by either defendant in its dispositive motion.[1]  Federal courts have a

"special obligation" to determine whether they have subject matter jurisdiction, even when the

parties have not raised any jurisdictional questions themselves.  See <u>FW/PBS, Inc. v. City of</u>

_____

          [1]      Defendant Steven R. Perles does argue in his motion to dismiss or for summary
judgment that diversity jurisdiction is lacking because the real party in interest in this case is not
plaintiff Thomas Fortune Fay, but Fay's law practice, which Perles claims is a citizen of the
District of Columbia.  Neither defendant argues for dismissal based on Greenberg Traurig LLC's
citizenship.

Dallas, 493 U.S. 215, 231 (1990); Cross-Sound Ferry Servs., Inc. v. ICC, 934 F.2d 327, 339 (D.C. Cir. 1991).

        For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). Plaintiff asserts that he is a citizen of Maryland and that Greenberg Traurig LLP is a citizen of the District of Columbia. Greenberg Traurig, however, is a limited liability partnership that employs about 70 attorneys in its Washington, D.C. office, more than 40 of whom are shareholders in the partnership. It is entirely plausible –indeed, it is highly likely– that some of those partners (or Greenberg Traurig partners attached to other offices) are domiciliaries, and thus citizens, of Maryland. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (individual is deemed a citizen of the State of his or her domicile). For diversity purposes, a limited liability partnership is deemed to be a citizen of every state in which a partner is a citizen. See Carden v. Arkoma Assocs., 494 U.S. 185, 196-97 (1990); Anchorage-Hynning & Co. v. Moringiello, 697 F.2d 356, 358 (D.C. Cir. 1983); Johnson-Brown v. 2200 M Street LLC, 257 F. Supp. 2d 175, 178 (D.D.C. 2003). There thus appears to be a substantial likelihood that defendant Greenberg Traurig LLC is a Maryland citizen. If that is the case, then complete diversity – and therefore jurisdiction under 28 U.S.C. § 1332 – does not exist.

        Accordingly, it is hereby

        ORDERED that, on or before March 20, 2006, defendant Greenberg Traurig LLP shall file an affidavit with the Court identifying which, if any, of its limited partners were domiciliaries of Maryland at the time the complaint in this case was filed; and it is

FURTHER ORDERED that, if Greenberg Traurig affirms that any of its partners were indeed domiciliaries of Maryland at the time the complaint was filed, plaintiff shall show cause in writing, on or before March 30, 2006, why this case should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 8, 2006