UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS FORTUNE FAY, )<br><br>Plaintiff, )<br><br>v. )<br><br>STEVEN R. PERLES, )<br><br>and )<br><br>GREENBERG TRAURIG LLP, )<br><br>Defendants. ) | Case Number 1:05CV01209 (PLF) |

GREENBERG TRAURIG'S SUBMISSION IN RESPONSE TO THE COURT'S
ORDER DATED MARCH 8, 2006

Pursuant to the Court's order dated March 8, 2006, Defendant Greenberg Traurig LLP

hereby submits the affidavit of Ronald W. Kleinman ("Kleinman Aff."), attached hereto as

Exhibit 1.

Based upon the facts set forth in the attached affidavit, Greenberg Traurig does not

believe that the fact that some of its attorneys reside in Maryland creates a lack of complete

diversity with Plaintiff, as a Maryland resident. The reasons are as follows:

In *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Court ruled that, for

business organizations other than corporations, citizenship is determined by the places of

residence of their members. Thus, because Greenberg Traurig LLP is not a corporation, but a

New York limited liability partnership, Kleinman Aff.¶ 3, its citizenship is determined by the

residence of its partners. The LLP has two partners – a New York professional corporation

and a Florida professional corporation. Kleinman Aff.¶ 4. If either of these corporations is a

resident of Maryland, then the LLP would reside in Maryland and diversity would not exist in

this case.

Neither of the two professional corporations was incorporated in Maryland nor maintains a place business in Maryland. Kleinman Aff.¶ 4. However, at least 27 shareholders in one of the professional corporations do reside in Maryland. Kleinman Aff.¶ 7. The question then is whether that professional corporation would be a resident of Maryland because some its shareholders live there; i.e., whether a "professional corporation" should be treated as something other than an ordinary corporation. If so, then that professional corporation, one of the partners in Greenberg Traurig LLP, would reside in Maryland and diversity would be lacking.

As much as Greenberg Traurig desires dismissal of this case, however, such an argument does not appear to have support in the law. *See Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87 (2nd Cir. 1983) (New York professional legal service corporation was a "corporation" for purposes of determining diversity, such that residence of its members could not be taken into account); *Saecker v. Thorie*, 234 F.3d 1010 (7th Cir. 2000) (law firm organized as Wisconsin professional corporation was a "corporation" for purposes of determining diversity); *Cote v. Wadel*, 796 F.2d 981 (7th Cir. 1986) (law firm organized as Michigan professional corporation must be treated as any other corporation, residence of shareholders not considered). As a result, it would appear that because neither of the partners in Greenberg Traurig LLP is a resident of Maryland for diversity purposes, Greenberg Traurig LLP is not a resident of Maryland for diversity purposes.

While the conclusion that a professional corporation must be treated as any other corporation ends the inquiry with regard to Greenberg Traurig LLP, it raises an issue with regard to the Plaintiff – in particular, whether the Plaintiff should be treated as a citizen of the District of Columbia, because he conducts his business through a professional corporation. As set forth in Defendant Perles' Motion For Summary Judgment, at the time that the events

at issue in this case began, Plaintiff maintained his law practice in a professional corporation

known as "Thomas Fortune Fay, P.C." *See* Exhibits A and C to Memorandum of Law In

Support Of Defendant Perles' Motion For Summary Judgment ("Perles Memorandum").

Indeed, this case appears to involve a dispute over the division of fees earned by "Thomas

Fortune Fay, P.C." *Id.*, Exhibit C. That professional corporation (apparently since dissolved)

is believed to have been created under the laws of the District of Columbia, and without

question maintained its principal place of business in the District of Columbia. See Printouts

attached as Exhibit 2. That professional corporation was, therefore, a resident of the District

of Columbia for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1) (a corporation

is deemed to be a resident of the State in which it was incorporated and of the State where it

has its principal place of business).[1]

Similarly, the public record indicates that in February 2002 (more than a year after the

money at issue in this case was paid into the Patton Boggs trust account), Plaintiff

incorporated his law practice in Maryland under the name "Thomas Fortune Fay, P.A." *See*

Articles of Incorporation attached as Exhibit 3. Defendant Perles' Motion For Summary

Judgment indicates that Plaintiff maintains his law practice under that name in the District of

Columbia. Perles Memorandum at 2.

As a result, if the real party in interest in this case is Thomas Fortune Fay, P.C., (the

District of Columbia professional corporation), or Thomas Fortune Fay, P.A. (the Maryland

professional corporation with its principal place of business in the District of Columbia), then

the residence of Mr. Fay himself, the shareholder, has no relevance. Diversity is lacking, and

the case must be dismissed, because both the real Plaintiff and at least one of the Defendants

---

[1] *See generally* D.C. Code § 29-101.97 (claims belonging to dissolved corporation
may be brought in corporate name, and dissolution does not take away any remedy available
to the corporation or its shareholders if suit is brought within two years of dissolution).

– Mr. Perles – reside in the District of Columbia. *Navarro Savings & Loan Association v. Lee*, 446 U.S. 458, 461 (1980) (a federal court must "rest jurisdiction only upon the real parties to the controversy").

For the foregoing reasons, Greenberg Traurig does not believe that diversity jurisdiction is lacking because its some of its attorneys and the Plaintiff both live in Maryland. However, diversity jurisdiction may be lacking if the real party in interest in this case is one or both of Plaintiff's professional corporations, both of which, like Defendant Perles, appear to be citizens of the District of Columbia.[2]

Respectfully submitted this **20** day of March, 2006.

For Defendant Greenberg Traurig LLP:

Eric C. Rowe, 466182
Geoffrey J. Greeves, 463035
Greenberg Traurig LLP
800 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)
email: rowee@gtlaw.com
          greevesg@gtlaw.com

---

[2] As the Court noted in its Order, Defendant Perles has moved for summary judgment based in part on the lack of diversity resulting from the District of Columbia domicile of the Plaintiff's professional corporations, which are alleged to be the real parties in interest in this case. (These defenses were also raised by Greenberg Traurig in its Answer.) In response, Plaintiff appears to have rested on the allegation in his complaint that he individually is domiciled in Maryland, conceding the District of Columbia domicile of his professional corporations. Moreover, Plaintiff's Statement Of Disputed Genuine Issues Of Material Fact Necessary To Be Litigated does not address the issue of real party in interest, the resolution of which appears to be dispositive of the Court's jurisdiction.

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was served upon the following by first-class mail, postage prepaid, and by email:

John W. Karr, Esq.
Karr & Allison
Suite 300
1920 N Street, N.W.
Washington, D.C.  20036
jwkarr@msn.com

Douglas Bregman, Esq.
Bregman, Berbert, Schwartz & Gilday PLLC
7315 Wisconsin Avenue
Bethesda, Maryland  20814
dbregman@bregmanlaw.com

_____
Eric C. Rowe