UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS FORTUNE FAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1209 (PLF) |
| STEVEN R. PERLES | ) ) ) | |
| and | ) ) | |
| GREENBERG TRAURIG LLP, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

This matter is before the Court on defendant Perles' motion for summary judgment or, in the alternative, to dismiss the complaint.[1]  Plaintiff Thomas Fortune Fay filed suit against defendants Steven R. Perles and Greenberg Traurig LLP on June 20, 2005.  The Complaint alleges claims of quasi-contract, unjust enrichment, and "money had and received," and asserts that this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. Perles filed a motion for summary judgment or, in the alternative, to dismiss the complaint on September 7, 2005; Greenberg Traurig subsequently filed a motion for judgment on the

---

[1]  The papers submitted to the Court in connection with this motion include: Defendant Perles' Motion for Summary Judgment or, in the alternative, to Dismiss the Complaint ("Perles Mot."); Memorandum of Law in Support of Defendant Perles' Motion for Summary Judgment or, in the alternative, to Dismiss the Complaint ("Perles Mem."); Plaintiff's Opposition to Motion of Defendant Steven R. Perles for Summary Judgment or, in the alternative, to Dismiss the Complaint ("Opp."); and Defendant Perles' Reply to Plaintiff's Opposition to his Motion for Summary Judgment or, in the alternative, to Dismiss the Complaint ("Reply").

pleadings.[2] Perles argues that he is entitled to summary judgment because Fay's claims are barred by res judicata and collateral estoppel, that Fay has failed to state a claim on which relief can be granted because he is not the real party in interest in this lawsuit, that this Court lacks subject matter jurisdiction due to the fact that the parties are not diverse because Fay's law practice is the real party in interest in this case, and that plaintiff has failed to plead his claims with sufficient particularity under Rule 9(b). See Perles Mot. at 1-3.[3] For the reasons explained below, the Court concludes that it has subject matter jurisdiction and denies Perles' motion.

## I.  BACKGROUND

Plaintiff Thomas Fortune Fay and defendant Steven R. Perles are attorneys who worked together in the representation of clients who had been the victims of terrorist attacks. See Complaint ¶¶ 3-4. Anne Marie Kagy is an attorney who worked with Perles on these terrorism cases. See id. ¶ 5. After Fay and Perles were successful in obtaining payment relating to the terrorism litigation, a dispute arose between Kagy and Perles with respect to payments Kagy alleged were due to her, and Kagy asserted an attorney's lien of $2,000,000 against the terrorism litigation proceeds. See id. ¶¶ 3, 5.[4] On January 19, 2001, Perles brought a declaratory judgment action against Kagy in this Court, which was assigned first to Judge Thomas Penfield Jackson

---

[2]  Greenberg Traurig's pending motion for judgment on the pleadings ("Greenberg Mot.") will be discussed and decided in a separate Memorandum Opinion and Order.

[3]  The Court will deny Perles' Rule 9(b) motion. Rule 9(b) of the Federal Rules of Civil Procedure only applies to actions that sound in fraud or mistake, which this lawsuit does not. See Fed R. Civ. P. 9(b).

[4]  The Court notes that the paragraphs of the Complaint are misnumbered, so there are two paragraphs numbered three, four, five and nine.

and then, by consent of the parties, to Magistrate Judge Alan Kay. Fay was not a party to that lawsuit. See id. ¶ 5. Fay and Perles transferred $2,000,000 from the escrow account related to the terrorism litigation into a client trust account held at the law firm of Perles' lawyer in the *Kagy* litigation, Steven M. Schneebaum, Esq. See id. ¶¶ 4-5.[5] The content of the agreements and the understandings between Fay and Perles with respect to this money are hotly contested issues of fact in the instant lawsuit.

        Judge Kay entered judgment for Kagy and against Perles on April 20, 2005. See Complaint ¶ 6. Shortly thereafter, Fay and Perles began to communicate (and disagree) about the $2,000,000 and its permissible uses. See id. ¶¶ 8-13. Fay alleges that he forbade the use of the funds as security for the judgment entered against Perles, or as an appeal bond. See id. ¶¶ 9-10. Perles and Kagy cross-appealed from Judge Kay's decision during May 2005. See Docket, Perles v. Kagy, Civil Action No. 01-0105. Fay moved to intervene before Judge Kay on June 20, 2005 to oppose the proposed use of the trust funds as an appeal bond. See id. Fay filed the instant lawsuit against Perles and Greenberg Traurig on the same day, alleging unjust enrichment, conversion, and "money had and received." See generally Complaint. Judge Kay denied Fay's motion to intervene in Perles v. Kagy on August 29, 2005. See Perles v. Kagy August 29, 2005 Memorandum Opinion at 9-11. Fay filed a motion for reconsideration, which Judge Kay denied. Fay then appealed from that decision.

---

[5] Mr. Schneebaum's law firm was then Patton Boggs LLP but now is defendant Greenberg Traurig LLP.

## II. SUBJECT MATTER JURISDICTION

This Court issued an Order on March 8, 2006 because Greenberg Traurig's Answer and Perles' motion for summary judgment or to dismiss each raised questions regarding this Court's subject matter jurisdiction. Federal courts have a special obligation to determine whether they have subject matter jurisdiction, even when the parties have not raised any jurisdictional questions themselves. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Cross-Sound Ferry Servs., Inc. v. ICC, 934 F.2d 327, 339 (D.C. Cir. 1991). For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

There are two potential issues with respect to diversity jurisdiction in this case. First – the subject matter of the Court's March 8, 2006 Order – the Court wanted to ensure that Greenberg Traurig was not a citizen of Maryland, because plaintiff is a citizen of Maryland and diversity jurisdiction therefore might not exist. Greenberg Traurig filed a response on March 20, 2006, assuring the Court that its two partners are a New York professional corporation and a Florida professional corporation. See Greenberg Traurig's Submission in Response to the Court's Order Dated March 8, 2006 at 1-2 and attached affidavit of Ronald W. Kleinman ¶ 4. Greenberg Traurig's inclusion as a defendant therefore does not destroy diversity between the parties.

Second, in his motion for summary judgment or, in the alternative, to dismiss the complaint, defendant Perles argues, *inter alia*, that diversity jurisdiction is lacking because the

real party in interest in this case is not plaintiff Thomas Fortune Fay, but Fay's law practice, which Perles claims is a citizen of the District of Columbia.  See Perles Mem. at 15-16.[6] Greenberg Traurig also discusses this possibility in its response to the Court's March 8, 2006 Order.  See Greenberg Traurig's Submission in Response to the Court's Order Dated March 8, 2006 at 2-3.  Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a); see also Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980) (a "federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); see also generally 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1556 (2d ed. 1990).

       The Court cannot conclude that Mr. Fay is not a real party in interest in this lawsuit.  The party to the Agreement with Mr. Perles which underlies this case was Thomas Fortune Fay, Esq. – not Thomas Fortune Fay, P.A. or Thomas Fortune Fay, P.C.  See Agreement, Exh. B to Perles Mot.  The funds at issue in this case were transferred to the client trust account (held first by Patton Boggs LLP and now by Greenberg Traurig LLP) from an account in the name of "Stevn [sic] R. Perles & Thomas Fortune Fay" – again, the individual rather than the professional entity.  See Transaction Activity Display, Exh. G to Perles Mot.  Because Mr. Fay is

---

[6] According to Perles, at various times Mr. Fay has referred to his law practice as "Thomas F. Fay, P.C." and "Thomas F. Fay, P.A." and "Thomas F. Fay, Attorney-at-Law."  See Perles Mem. at 2 and n. 1.

a real party in interest and is the plaintiff in this lawsuit, there is diversity between the parties and this Court therefore does not lack subject matter jurisdiction.[7]

### III. RES JUDICATA AND COLLATERAL ESTOPPEL

Perles also argues that he is entitled to summary judgment because "Mr. Fay is barred by the doctrines of collateral estoppel and res judicata from relitigating issues and claims in the present suit that were raised and denied in the *Kagy* litigation or which could have been raised in that prior action." Perles Mot. at 1. In the lawsuit of Perles v. Kagy, Magistrate Judge Kay of this Court issued a Memorandum Opinion and an Order on August 29, 2005 which, *inter alia*, denied a motion by non-party Thomas Fortune Fay "to intervene to oppose Perles' motion seeking waiver of *supersedeas* bond." Perles v. Kagy August 29, 2005 Memorandum Opinion at 1-2. "Mr. Thomas Fortune Fay, Perles' co-counsel in the state-sponsored terrorism litigation, filed a motion to intervene []. Fay has asserted an interest in the Greenberg Traurig trust account in the amount of $1 million and opposes the use of the trust fund as an alternative to a *supersedeas* bond." Id. at 4. Judge Kay questioned his own jurisdiction over Fay's motion to intervene because Fay filed the motion after judgment had been entered and a notice of appeal filed, but ultimately he concluded that he did have jurisdiction over the motion. See id. at 7-8. Judge Kay determined that Fay's motion to intervene was untimely. See id. Most importantly for the current proceeding, Judge Kay stated that part of the reason that he denied Fay's motion to intervene in Perles v. Kagy was because "Fay has adequate alternative means to protect his

---

[7] The Court therefore also will deny Perles' motion to dismiss for failure to state a claim upon which relief can be granted, which is also based on the argument that Fay is not the real party in interest in this lawsuit. See Perles Mot. at 2.

interest" – namely, the instant lawsuit, which already had been filed when Judge Kay issued his Memorandum Opinion. Id. at 11.

Under the doctrine of res judicata, or claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Holland v. Nat'l Mining Ass'n, 309 F.3d 808, 813 (D.C. Cir. 2002) (quoting and citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n. 5 (1979)); see Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). While there is a factual dispute between the parties to this lawsuit with respect to the extent of Mr. Fay's participation in Mr. Perles' case against Ms. Kagy, one fact is clear – Mr. Fay was not a "party" to that lawsuit, nor was that lawsuit based on the same cause of action as this one. See generally Perles v. Kagy, Civil Action No. 01-0105. As the D.C. Circuit has explained, "joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are bound by a judgment or decree." Holland v. Nat'l Mining Ass'n, 309 F.3d at 813.[8] Fay was not joined in the prior suit, nor did he "assume control" of the Perles v. Kagy litigation such that he should be bound by it. Cf. Montana v. United States, 440 U.S. 147, 153 (1979) (United States was bound by prior state court litigation over which it had exercised direction and control though the government contractor party to the

---

[8] In its motion for judgment on the pleadings, Greenberg Traurig cites several cases in support of its argument that the denial of Mr. Fay's motion to intervene in Perles v. Kagy bars this lawsuit. See Greenberg Mot. at 6. None of those decisions, however, was issued by the D.C. Circuit or the Supreme Court, and as such they are not binding authority in this Court, as is the decision in Holland v. National Mining Association. Furthermore, the cases appear to be distinguishable from the instant case.

prior suit). Accordingly, Fay cannot be barred in the present action by the doctrine of res judicata.

The Court concludes that this lawsuit also is not barred under the doctrine of collateral estoppel, or issue preclusion. The Supreme Court has explained that under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude litigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. at 94 (citing Montana v. United States, 440 U.S. at 153). As the D.C. Circuit has explained:

> When an issue of fact or law is *actually litigated* and determined by a *valid and final judgment*, and *the determination is essential to the judgment*, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. In addition, *preclusion in the second case must not work a basic unfairness to the party bound by the first determination*.

Consolidated Edison Co. of New York v. Bodman, 449 F.3d 1254, 1257-58 (D.C. Cir. 2006) (internal quotations, citations and brackets omitted) (emphasis provided). Similarly, the Supreme Court declared in Allen that "the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the issue in the earlier case." Allen v. McCurry, 449 U.S. at 95 (quoting and citing Montana v. United States, 440 U.S. at 153).

This Court concludes that the issues in the present lawsuit were not necessarily and actually litigated and determined in the *Kagy* litigation. As noted above, Judge Kay decided that Fay's motion to intervene was untimely, and that Fay had adequate alternative remedies

apart from his motion to intervene in the *Kagy* case – this lawsuit was the adequate alternative remedy named by Judge Kay.  See Perles v. Kagy August 29, 2005 Memorandum Opinion at 9-11.  As such, it would work a basic unfairness to the plaintiff to conclude that Judge Kay's decision to decline to allow him to intervene in the earlier lawsuit precludes plaintiff from litigating this lawsuit.  The issues in this case have not been "actually litigated and determined by a valid and final judgment" nor were they "essential to the judgment" in the *Kagy* litigation itself, Consolidated Edison Co. of New York v. Bodman, 449 F.3d at 1257-58, and Judge Kay foresaw that they would actually be litigated in the instant lawsuit.  The Court concludes that Fay therefore is not barred from bringing the instant lawsuit by the doctrine of collateral estoppel.  To decide otherwise would work a basic unfairness to Fay, and the doctrine itself explicitly does not contemplate such unfairness.

      Accordingly, the Court will deny defendant Perles' motion for summary judgment or, in the alternative, to dismiss the complaint.  A separate Order consistent with this Memorandum Opinion will be issued this same day.

\_\_\_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 26, 2007