UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                       )
THOMAS FORTUNE FAY,                    )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )   Civil Action No. 05-1209 (PLF)
                                       )
STEVEN R. PERLES                       )
                                       )
and                                    )
                                       )
GREENBERG TRAURIG LLP,                 )
                                       )
        Defendants.                    )
_____)
```

MEMORANDUM OPINION

This matter is before the Court on defendant Greenberg Traurig LLP's motion for judgment on the pleadings.[1] Plaintiff Thomas Fortune Fay filed suit against defendants Steven R. Perles and Greenberg Traurig LLP on June 20, 2005. The Complaint alleges claims of quasi-contract, unjust enrichment, and "money had and received," and asserts that this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. Perles filed a motion for summary judgment or, in the alternative, to dismiss the complaint on September 7, 2005. Greenberg Traurig subsequently filed a motion for judgment on the pleadings under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, arguing that the claims asserted in this action are

---

[1] The papers submitted to the Court in connection with this motion include: Greenberg Traurig's Motion for Judgment on the Pleadings ("Greenberg Mot."); Plaintiff's Opposition to Motion of Defendant Greenberg Traurig LLP for Judgment on the Pleadings ("Opp."); and Greenberg Traurig's Reply in Support of its Motion for Judgment on the Pleadings ("Reply").

barred by res judicata, and that the Complaint fails to state a claim upon which relief can be granted. See Greenberg Mot. at 1.[2] For the reasons explained below, the Court denies Greenberg Traurig's motion.

## I.  BACKGROUND

Plaintiff Thomas Fortune Fay and defendant Steven R. Perles are attorneys who worked together in the representation of clients who had been the victims of terrorist attacks. See Complaint ¶¶ 3-4. Anne Marie Kagy is an attorney who worked with Perles on these terrorism cases. See id. ¶ 5. After Fay and Perles were successful in obtaining payment relating to the underlying terrorism litigation, a dispute arose between Kagy and Perles with respect to payments Kagy alleged were due to her, and Kagy asserted an attorney's lien of $2,000,000 against the proceeds. See id. ¶¶ 3, 5.[3] On January 19, 2001, Perles brought a declaratory judgment action against Kagy in this Court, which was assigned first to Judge Thomas Penfield Jackson and then, by consent of the parties, to Magistrate Judge Alan Kay. Fay was not a party to that lawsuit. See id. ¶ 5.

Fay and Perles transferred $2,000,000 from the escrow account related to the terrorism litigation into a client trust account held at the law firm of Perles' lawyer in the *Kagy* litigation, Steven M. Schneebaum, Esq. See Complaint ¶¶ 4-5. Mr. Schneebaum was a partner at Patton Boggs LLP at that time, but then joined defendant Greenberg Traurig, LLP in October

---

[2]   Defendant Perles' pending motion ("Perles Mot.") will be discussed and decided in a separate Memorandum Opinion and Order.

[3]   The Court notes that the paragraphs of the Complaint are misnumbered, so there are two paragraphs numbered three, four, five and nine.

2

2004. See Greenberg Mot. at 3; Opp. at 3. The money was transferred from an account at Patton Boggs LLP to an account maintained by Greenberg Traurig in December 2004. See Complaint ¶ 7; Opp. at 3. The content of the agreements and the understandings between Fay and Perles with respect to this money are hotly contested issues of fact in the instant lawsuit.

Judge Kay entered judgment for Kagy and against Perles on April 20, 2005. See Complaint ¶ 6. Shortly thereafter, Fay and Perles began to communicate (and disagree) about the $2,000,000 and its permissible uses. See id. ¶¶ 8-13. Fay alleges that he forbade the use of the funds as security for the judgment entered against Perles, or as an appeal bond. See id. ¶¶ 9-10. Perles and Kagy cross-appealed from Judge Kay's decision during May 2005. See Docket, Perles v. Kagy, Civil Action No. 01-0105. Fay moved to intervene on June 20, 2005 to oppose the proposed use of the trust funds as an appeal bond. See id. Fay filed the instant lawsuit against Perles and Greenberg Traurig on the same day, alleging unjust enrichment, conversion, and "money had and received." See generally Complaint. Judge Kay denied Fay's motion to intervene in Perles v. Kagy on August 29, 2005. See Perles v. Kagy August 29, 2005 Memorandum Opinion at 9-11. Fay filed a motion for reconsideration, which Judge Kay denied. Fay then appealed from that decision.

## II. RES JUDICATA AND COLLATERAL ESTOPPEL

For the reasons explained in the Memorandum Opinion, issued this same day, denying defendant Perles' motion for summary judgment or, in the alternative, to dismiss the complaint, the Court concludes that Fay is not barred by the doctrines of res judicata or collateral estoppel from litigating the instant lawsuit.

III.  FAILURE TO STATE A CLAIM

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  The standard of review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules is essentially the same as that for motions to dismiss under Rule 12(b)(6).  See Schuchart v. La Taberna Del Alabardero, Inc., 365 F.3d 33, 35 (D.C. Cir. 2004); Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1240-41 (10th Cir. 2000); Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987); Does I through III v. District of Columbia, 238 F. Supp.2d 212, 216 (D.D.C. 2002) (citations omitted).  On either motion, the Court may not rely on facts outside the pleadings and must construe the complaint in the light most favorable to the non-moving party.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A court may grant judgment on the pleadings only if it appears beyond doubt, based on the allegations contained in the complaint, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Schuchart v. La Taberna Del Alabardero, Inc., 365 F.3d at 35; Alicke v. MCI Communications Corp., 111 F.3d 909, 912 (D.C. Cir. 1997).

Plaintiff alleges that Greenberg Traurig "likewise rejected Mr. Fay's demand for return of his money, decided not to file an interpleader action, and, following the denial of Mr. Fay's motion to intervene in the *Perles/Kagy* case for the limited purpose of opposing use of his money to secure Ms. Kagy's judgment, paid most of the balance of the trust account into the

registry of the court for just that purpose." Opp. at 4.[4]  In short, Greenberg Traurig is alleged to have received the money and then paid it into the Court registry without the permission of plaintiff.

Under District of Columbia law, conversion "has generally been defined as any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." Chase Manhattan Bank v. Burden, 489 A.2d 494, 495 (D.C. 1985) (internal citations and quotations omitted); see also Curaflex Health Services v. Bruni, 877 F. Supp. 30, 32 (D.D.C. 1995).  Taking the facts as alleged in the pleadings and construing them in the light most favorable to the non-moving party, as the Court must, the Court is unable to conclude that there is no set of facts plaintiff can prove which would entitle him to relief.  The same must be said for the claim of unjust enrichment or money had and received; "the gist of the action is that the defendant has received money which in equity and good conscience should be paid to the plaintiff." Hillyard v. Smither & Maynard, Inc., 76 A.2d 166, 167 (D.C. Mun. Ct. App. 1950); see also Minebea Co. v. Papst, 444 F. Supp. 2d 68, 186 (D.D.C. 2006).  The Court is unable to conclude that there is no set of facts plaintiff can prove which would entitle him to relief.

---

[4]  It appears from viewing the Court's docket in Perles v. Kagy that the money is still in the Court registry and that Perles v. Kagy is still on appeal before the D.C. Circuit.

Accordingly, the Court will deny defendant Greenberg Traurig LLP's motion for judgment on the pleadings. A separate Order consistent with this Memorandum Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 26, 2007