# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Thomas Fortune Fay,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:05cv01209 (PLF) |
| ) | |
| **Steven R. Perles, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF'S MOTION TO EXTEND BY TWO BUSINESS DAYS THE FILING DEADLINE FOR THE LOCAL RULE 16.3 REPORT, TIME HAVING EXPIRED**

Defendants were provided with a copy of this motion by e-mail with a request that they consent or do not consent to its granting, but neither has responded as of 3:43 p.m..

Plaintiff, by counsel, moves for an order authorizing the filing of the Local Rule 16.3 Report, a copy of which is lodged herewith, two business days late, to and including today, May 15, 2007, and for his reason states that good cause exists for this application, namely:

1. On March 29th, plaintiff forwarded to defendants with an e-mail "a draft of the Rule 16.3 Report, for your review, comments, edits, etc." and noted that "[t]he court's 03/26 order requires filing by 04/20."

2. On April 24th, plaintiff sent to defendants another e-mail reminding them that "[o]n March 29th I e-mailed to you a draft of the Rule 16.3 Report, then due on April 20th and now due on May 11th. Please let me have your edits and your parts, so that we can

negotiate a joint report to file timely."

    3. On May 4th, defendant Greenberg Traurig responded by e-mail:

Third, I have been reviewing your draft Rule 16.3 Report. We cannot agree to it in its current form . We object to the report containing any description of the case. The Rule does not require it, and in any event we do not agree to your description of the facts. (For example, you state that the original wire transfer was two separate transfers, which is not true.)

You have proposed six months for discovery. I question whether even 9 months would be enough. I am unsure as to how your client intends to prove his case without experts, and I do not believe the case will be decided on a dispositive motion. I don't think that I can identify any facts asserted by Mr. Fay that are not disputed.

All in all, I think we are looking at a trial that is at least a year away.

    4. On May 11th, at 11:43 a.m., defendant Perles responded by e-mail that, "[w]e are making final revisions to the Report and should submit a final version to you soon."

    5. On May 11th, at 12:45 p.m., defendant Perles reported by e-mail that, "[o]ur final version of the Report with the changes in redline for your review. Please call me to discuss. If you have no problem with the Report as written, you are authorized to file as is." Two and a half hours later, at 3:16 p.m., defendant Perles wrote in an e-mail, "[d]ue to the fact that you are on business travel and, therefore, are constrained from reviewing the revisions that Eric and I made to the Rule 16.3 Report, you have my consent to file the Rule 16.3 Report on Monday, May 14, 2007. I will notify Judge Friedman's chambers."

    6. On May 14th, yesterday, plaintiff wrote to defendants by e-mail, "[a]part from the preamble (which remained intact) every line of your 'final version of the Report,' e-mailed to me at 12:45 p.m. on the day it was due, was stricken through", to which

defendant Perles responded by e-mail last evening, May 14th, "here is the report in the version that I believe you would like it."

7. Two hours ago, defendant Greenberg Traurig declared in an e-mail, "·Greenberg Traurig contends that plaintiff's 'Briet (sic) Statement of the Case' is not warranted under the Rules and is incorrect as a matter of fact.' You do not have my permission to file the report over my signature unless either the fact statement is eliminated or the foregoing statement is included. Otherwise, you do have my permission to file it." Plaintiff has no objection to the inclusion of this statement in the Report, and hereby incorporates it by reference into the opening section of the Report entitled "Brief Statement of the Case."

Accordingly, plaintiff believes that good cause has been demonstrated for the granting of this motion, as well as for the responsibility for the failure to file a timely Local Rule 16.3 Report.

                                          Respectfully submitted,
                                          /s/_____
                                          John W. Karr    #57430
                                          Karr & Allison, P.C.
                                          1920 N Street, NW   Suite 300
                                          Washington, DC 20036
                                          (202) 331-7600
                                          Attorneys for defendant

**CERTIFICATE OF SERVICE**

I certify that a copy of plaintiff's foregoing motion to extend time to file the Local Rule 16.3 Report, were served by e-mail, before it was filed, this 15th day of May, 2007, to:

>Douglas Bregman, Esq., THenneberry@bregmanlaw.com
>Edward Paul Henneberry, Esq.
>Bregman, Berbert, Schwartz & Gilday PLLC
>7315 Wisconsin Avenue
>Washington, DC   20036
>Attorneys for defendant, Steven R. Perles
>
>Eric C. Rowe, ROWEE@gtlaw.com
>Geoffrey J. Greeves
>Greenberg Traurig, LLP
>800 Connecticut Avenue, NW
>Washington, DC   20006
>202-331-3100
>Attorneys for defendant Greenberg Traurig LLP

>/s/
>John W. Karr