# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Thomas Fortune Fay, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:05cv01209 (PLF) |
| | ) |
| Steven R. Perles, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## LOCAL RULE 16.3 REPORT

The parties, having conferred by telephone and by e-mail, jointly provide this report to the Court in accordance with Local Rule 16.3(d).

### Brief Statement of the Case

Both defendants object to the inclusion of this section.

Plaintiff Thomas Fortune Fay and defendant Steven R. Perles are attorneys who worked together in the representation of clients who had been the victims of terrorist attacks.  After Fay and Perles were successful in obtaining payment of judgments in the underlying litigation, a dispute arose between Anne Marie Kagy , an attorney who had worked with Perles on the terrorism cases, with respect to payments Kagy alleged were due to her from Perles, and Kagy asserted an attorney's lien of $2,000,000 against the proceeds of those judgments.

Fay and Perles transferred a total of $2,000,000 – $1,000,000 from each of their shares – from the escrow account related to the terrorism litigation into a client trust account held at the law firm of Perles's lawyer, Steven M. Schneebaum, in litigation between Kagy and Perles, in

which Fay was not a party. Mr. Schneebaum was a partner at Patton Boggs, LLP at that time, but

joined defendant Greenberg Traurig, LLP in October, 2004, and the money was transferred in

December, 2004 from a client trust account at Patton Boggs LLP to a client trust account

maintained by Greenberk Traurig.  The content of the agreements and understandings between

Fay and Perles with respect to this money are contested issues of fact in the instant lawsuit.

Mr. Fay claims ownership of $1,000,000 of the money escrowed in the trust fund, and

seeks return of that money to him, interest from January, 2001, legal fees and expenses, and

punitive damages for its conversion.


***Matters to be addressed under Rule 16.3(c)***

1. *Dispositive motions*:  Plaintiff Thomas Fortune Fay ("Plaintiff") and Defendant

Greenberg Traurig, LLP ("Greenberg") believe that this case may be resolved by dispositive

motions after discovery.  However, Defendant Steven R. Perles ("Perles") does not believe that

this matter can be resolved by summary judgment, at any stage, because numerous issues of

material fact are in dispute concerning: (1) Plaintiff's understanding as to the terms of the

agreement between himself and Defendant Perles relating to their agreement to split the legal

fees incurred in connection with the Kagy litigation; (2) the duty owed by the Plaintiff to

Defendant Perles to act with loyalty and in good faith and without self-interest in connection with

their partnership arrangement; and (3) Plaintiff's negligence in improperly calculating the fee

awards owed to the partnership and secretly negotiating the settlement of claims in ongoing

litigation matters without consulting Defendant Perles.

2. *Joinder, amendments, narrowing of issues*: Plaintiff believes that it is possible, after

some discovery, that Steven M. Schneebaum and Patton Boggs, LLP may need to be included as

defendants, and that is the only amendment to the pleadings that plaintiff anticipates. It is

premature to know at this nascent stage of the litigation if the issues can be narrowed or whether

the pleadings will need to be amended to conform to the evidence.

3. *Magistrate judge*: Plaintiff does not agree to the assignment of a magistrate judge for

all purposes. However, Defendants believe that the referral of this matter to a magistrate judge

may assist in the resolution of this litigation.

4. *Possibility of Settlement*: The plaintiff believes that it is too early to determine if there

is a reasonable possibility; the defendants agree that there may be the possibility of resolving this

dispute at an early stage.

5. *Alternative Dispute Resolution*: The parties agree that ADR would be appropriate and

useful at any stage of this action. The defendants believe and the plaintiff disagrees that ADR

(whether before a magistrate judge or an appointed mediator) may prove useful even before

formal discovery has commenced in that it will save the parties the time and expense of going

through discovery. In that regard, the defendants believe and the plaintiff disagrees that a neutral

evaluation of this case, including the merits of all claims and defenses, and an assessment of

possible damages and/or the settlement value of this matter would be prudent.

6. *Motions*: Defendant Perles anticipates filing a motion to disqualify Plaintiff's

attorney, Mr. John Karr, because he works for the Perles/Fay Partnership in the matter known as

*Peterson, et al. v. The Islamic Republic of Iran*, Civil No. 01-02094(RCL) (D.D.C. 2001)

currently pending before this Court ("Peterson litigation"). Pursuant to the Perles/Fay

Partnership Agreement, Defendant Perles is responsible for his co-equal share of the fees earned

by Mr. Karr in the *Peterson* litigation.  Accordingly, Mr. Karr may be called as a fact witness in

this lawsuit to testify as to the agreement between the partners to share equally in the fees and

expenses of the professionals that they retain to perform various services.  In addition, the

Defendants anticipate filing a motion to stay this proceeding pending a final resolution of the

*Kagy* litigation.  The *Kagy* litigation has a direct impact on this proceeding because at issue in

this matter is Plaintiff's and Defendant's intended use of the $2 million that they contributed to

pay the legal fees incurred and any judgment entered in the *Kagy* lawsuit.  In this proceeding,

Plaintiff has sued Defendant Perles to recover his alleged one-half share of this money ($1

million) asserting that he never agreed to contribute any such money to the defense of the *Kagy*

litigation or any judgment entered in favor of Ms. Kagy.  The outcome of the *Kagy* litigation may

be dispositive of Plaintiff's claim for damages in this proceeding.  Plaintiff disagrees with every

element of this hypothesis and with the availability in this action of the remedy sought.

Apart from the usual discovery motions, the parties would agree that dispositive motions,

if at all applicable to this litigation, should be filed no later than forty-five (45) days after the

close of discovery.  Oppositions to dispositive motions should be filed thirty (30) days thereafter,

and replies filed within fifteen days of the oppositions.  Due to the vicissitudes of litigation, the

parties believe that they should inform the Court on the date that discovery has been completed

by filing a praecipe.  Upon the date of such filing, aforementioned deadline dates would be

triggered.

7. *Initial Disclosures*: The defendants believe that initial disclosures pursuant to

Fed.R.Civ.P. 26(a)(1) can be accomplished through ordinary discovery requests and, therefore,

the rule should be waived.  The plaintiff disagrees, and believes that the Rule and its objectives

should be enforced, and that initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) should be

required and  made within 15 days after the initial scheduling conference.

.

       8.  *Discovery*:  The defendants believe that ADR would be useful prior to the

commencement of discovery; the plaintiff disagrees because the disputes in this action are largely

factual and the bases for such disputes need to be probed and discovered as a necessary predicate

for ADR or trial.  The defendants contend that in the event that ADR is not successful, the parties

agree  that discovery should begin at the time of the initial scheduling conference and conclude

six (6) months thereafter.  The parties would request that all written discovery (with the

exception of notices of deposition) be served within four (4) months of the scheduling

conference.  No unusual discovery issues are anticipated.  However, the Defendants would

request that a party desiring to take more than five (5) depositions seek leave of Court to do so.

Moreover, Defendants would request that this Court limit the number of interrogatory and

document requests to thirty (30) for each such request.  The plaintiff opposes such arbitrary

restrictions and believes that the limitations embodied in the Fed. R. Civ.Pro. Should regulate

this action. The parties do not propose additional limitations beyond those provided by the

Federal Rules of Civil Procedure and the local rules of this Court.

       9.  *Experts*:  The plaintiff does not currently anticipate the need for expert witnesses.

Plaintiff will evaluate the need for an expert following preliminary written discovery and

believes that experts should be identified 60 days prior to the close of discovery.  Defendant

Perles believes that expert testimony is required to show the appropriate standard of care owed

from one partner to another partner in connection with the partnership arrangement and to state

an opinion as to whether Plaintiff failed to adhere to such standard by, inter alia, negligently calculating fee awards and negotiating the settlement of claims without complete partnership approval.  Defendants believe Plaintiff should be required to designate his experts, if any, within 90 days after commencement of discovery, with Defendants' expert to be identified within 30 days thereafter.

10.  *Class Actions*:  N/A.

11-13.  *Trial*:  The parties do not request a bifurcated trial.  They propose that a pretrial date be set after the close of discovery and upon resolution of dispositive motions or motions to compel, and that a trial date be scheduled at the Court's convenience approximately 60 days after the pretrial conference.

14.  There are no additional matters which the parties would like to bring to the Court's attention at this time.

> Respectfully submitted,
>  /s/
> ———————————————————
> John W. Karr     #57430
> KARR & ALLISON, P.C.
> 1920 N Street, N.W. Suite 300
> Washington, DC  20036
> 202-331-7600
> Attorneys for plaintiff
>
>
>  /s/
> ———————————————————
> Douglas Bregman, Esq.
> Edward Paul Henneberry, Esq.
> Bregman, Berbert, Schwartz & Gilday LLC
> 7315 Wisconsin Avenue
> Bethesda, MD  20814
> 301-656-2707
> Attorneys for defendant, Steven R. Perles

_____/s/_____

Eric C. Rowe
Geoffrey J. Greeves
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Washington, DC   20006
Attorneys for defendant Greenberg Traurig LLP

C:\Documents and Settings\Owner\My Documents\jk\FAY-TOM\fineditedRule16.3rept.wpd