UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Thomas Fortune Fay,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | )    Case No. 1:05cv01209 (PLF) |
| **Steven R. Perles, et al.,** | ) ) ) |
| **Defendants.** | ) ) |

**ANSWER TO COUNTERCLAIM**

Plaintiff, by counsel, answers the counterclaim of the defendant, Steven R. Perles, and states:

*First Defense*

Each of the five "Counts" of the counterclaim fails to state a cause of action on which relief can be granted.

*Second Defense*

Each of the five "Counts of the counterclaim is barred by the statute of limitations.

*Third Defense*

Each of the five "Counts" of the counterclaim is barred by the principles of waiver and estoppel.

Answering the numbered paragraphs of the counterclaim, seriatim, plaintiff states.

1. Admitted.

2. Denied.

3. Denied; the partnership agreement was formed in January, 1997.

4. Admitted.

5. Denied in part; admitted in part. The partners agreed to split contingent fees in FISA cases equally; agreed to share the costs of the lease identified; but did not agree to split the expenses of each one's practice and participation in FISA cases.

6. Denied.

7. To the extent that this paragraph alleges legal conclusions, plaintiff is not required to and will not answer. It is undisputed that Ms. Kagy was employed by defendant Perles. To the extent that this paragraph alleges facts concerning exchanges between them, plaintiff was not privy to them and therefore denies all such facts.

8. Denied.

9. Denied.

10. Denied.

11. Denied, as to facts alleged in the first two sentences; admitted, as to facts alleged in the final sentence.

12. Admitted. The terms of the written agreement expressly provided that no moey would be disbursed from the trust account without the written consent of the plaintiff.

13. Denied.

14. Denied.

15. To the extent that the allegations assert reasons a federal judge used in a conclusion he reached, plaintiff is under no obligation to answer them; to the extent this paragraph may be construed to allege facts of which plaintiff was ware, he denies them.

16. Denied.

17. Admitted.

18. Denied.

19. Denied, as non-factual and irrevelant to this action.

20. Plaintiff iterates his responses to paragragraphs 1 through 19.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied, to the extent that this paragraph alleges facts.

26. Denied, to the extent that this paragraph alleges facts.

27. Denied.

28. Plaintiff reiterates his responses to paragraphs 1 through 19.

29. Denied, to the extent that this paragraph alleges facts.

30. Denied, to the extent that this paragraph alleges facts.

31. This paragraph states conclusions of law. To the extent that this paragraph may be construed to state facts, all such facts are denied.

32. Plaintiff reiterates his responses to paragraphs 1 through 19.

33. This paragraph states conclusions of law. To the extent that this paragraph may be construed to state facts, all such facts are denied.

34. This paragraph states conclusions of law. To the extent that this paragraph may be construed to state facts, all such facts are denied.

35. Denied.

36. Denied.

37. Plaintiff reiterates his responses to paragraphs 1 through 19..

38. This paragraph states conclusions of law.  To the extent that this paragraph may be construed to state facts, all such facts are denied.

39. Denied.

40. This paragraph states conclusions of law.  To the extent that this paragraph may be construed to state facts, all such facts are denied.

41. This paragraph states conclusions of law.  To the extent that this paragraph may be construed to state facts, all such facts are denied.

42. This paragraph states conclusions of law.  To the extent that this paragraph may be construed to state facts, all such facts are denied.

43. Plaintiff reiterates his responses to paragraphs 1 through 19..

44. This paragraph states conclusions of law.  To the extent that this paragraph may be construed to state facts, all such facts are denied.

45. This paragraph states conclusions of law.  To the extent that this paragraph may be construed to state facts, all such facts are denied.

    Respectfully submitted,

    /s/_____
    John W. Karr    #57430
    Karr & Allison, P.C.
    1920 N Street, NW   Suite 300
    Washington, DC 20036
    (202) 331-7600
    Attorneys for defendant

## CERTIFICATE OF SERVICE

I certify that a copy of plaintiff's foregoing answer to counterclaim was served electronically this 16th day of May, 2007, to:

>Douglas Bregman, Esq., THenneberry@bregmanlaw.com
>Edward Paul Henneberry, Esq.
>Bregman, Berbert, Schwartz & Gilday PLLC
>7315 Wisconsin Avenue
>Washington, DC   20036
>Attorneys for defendant, Steven R. Perles
>
>Eric C. Rowe, ROWEE@gtlaw.com
>Geoffrey J. Greeves
>Greenberg Traurig, LLP
>800 Connecticut Avenue, NW
>Washington, DC   20006
>202-331-3100
>Attorneys for defendant Greenberg Traurig LLP

>/s/
>John W. Karr