UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Thomas Fortune Fay,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 1:05cv01209 (PLF) |
| | ) |
| **Steven R. Perles, et al.,** | ) |
| **Defendants.** | ) |
| | ) |

**MOTION OF PLAINTIFF TO CONSOLIDATE THIS CASE WITH
CASE NO. 1:01cv105 (ESH); AND FOR AN ORDER PRESERVING
FUNDS NOW ON DEPOSIT IN THE REGISTRY OF THE COURT**

Drafts of this motion were sent by e-mail to counsel for both defendants on July 13, 2007, with a request to advise plaintiff whether each consented to or opposed the motion. Defendant Greenberg Traurig LLP advised that it opposed the motion; defendant Steven R. Perles has not responded.

Plaintiff, Thomas Fortune Fay, by counsel, moves pursuant to Fed. R. Civ. Pro. R. 42 and LCvR 40.5 (d) to consolidate the instant case (hereafter, "*Fay/Perles*") for all purposes with Case No.1:01cv105 (ESH) (hereafter, *"Perles/Kagy"*), and pursuant to 28 U.S.C. §2041 and §2042 and the Court's inherent power for an order preserving intact common property to which Mr. Fay claims title, namely, funds that have been deposited and remain on deposit in the district court's registry, on the grounds that (a) as Mr. Perles asserted in his motion to stay this action, both cases relate to common property and

1

involve common issues of law and fact, and their consolidation will avoid duplications of discovery and testimony and will promote the desirable end of judicial economy, and (b) if the funds on deposit are not preserved intact and safeguarded by the Court's order in the interests of the parties concerned, they will likely be used for unauthorized purposes or otherwise be dissipated and become unavailable to Mr. Fay if he prevails in this action.

This Court, at a status hearing on June 8, 2007, in *Fay/Perles,* disclosed that the Court had a working relationship with a principal witness and probable defendant in *Fay/Perles*, Steven Schneebaum, Esq., and inquired whether either side had an objection to the court's continuing to preside in *Fay/Perles*, to which after careful consideration Mr. Fay does object because a resolution of this dispute will require many credibility determinations, as the Court observed in the Memorandum Opinion denying motions of the defendants to dismiss, for judgment on the pleadings and for summary judgment, "[t]he content of the agreements and the understandings between Fay and Perles with respect to this money are hotly contested issues in the instant lawsuit." (See, Memorandum Opinion, March 26, 2007, p. 3, ll. 4-6).

Mr. Fay invites the court's attention to the attached memorandum of points and

authorities, which is incorporated herein by reference.

                                              Respectfully submitted,


                                               /s/   **John W. Karr**
                                               John W. Karr
                                               Karr & Allison, P.C.
                                               1300 19th Street, NW   Suite 402
                                               Washington, DC   20036
                                               202-331-7600
                                               jwkarr@msn.com
                                               Attorneys for plaintiff

Dated: July 26, 2007

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion to consolidate, with accompanying memorandum and proposed order, were served by e-mail this 26th day of July, 2007,  to:

        Douglas Bregman, Esq. and Edward Paul Henneberry, Esq.
        Bregman, Berbert, Schwartz & Gilday PLLC
        7315 Wisconsin Avenue
        Washington, DC   20036
        Attorneys for defendant, Steven R. Perles
        dbregman@bregmanlaw.com

        Eric C. Rowe, Esq. and Geoffrey J. Greeves, Esq.
        Greenberg Traurig, LLP
         800 Connecticut Avenue, NW
        Washington, DC   20006
         Attorneys for defendant Greenberg Traurig LLP

        rowee@gtlaw.com


                                               /s/  **John W. Karr**
                                                 John W. Karr