# THOMAS FORTUNE FAY, PA

Attorney at Law
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
Tel. 202/638-4534
Fax 202/589-1721
ThomasFay@aol.com
May 27, 2005
*By Facsimile*

Steven R. Perles, Esq.
1146 Nineteenth St., NW
Suite 500
Washington, DC 20036

Steven M. Schneebaum, Esq.
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006

Re:   Perles v. Kagy

Gentlemen:

After our meeting this morning, I returned to my office and carefully read through my file on Anne Marie Kagy, including my deposition. Nowhere do I find any indication that I at any time agreed to pay one half of Anne Marie's compensation for her employment efforts or one half any judgment arising out of her work for Steve Perles. I do not have a copy of any retainer agreement or escrow agreement with regard to Perles v. Kagy and I have no recollection of having signed any such agreements. Under these circumstances I think it best if copies of any such documents be sent to me immediately. If there are no documents of this description located, please confirm this in writing.

At the time of deposit of $2,000,000.00 from the joint fee proceeds from the Flatow, Duker and Eisenfeld cases, it was my understanding that it was to be deposited in a Patton Boggs escrow account. I understand that it has been transferred to an escrow account at Greenberg Traurig. I am concerned that approximately $425,000.00 has been transferred from that account representing legal fees and costs. At one point Steve Perles informed me that there was testimony before Judge Jackson to the effect that $2,000,000.00 had been deposited pursuant to David Sher's letter of December 4, 2000 in which he spoke of an "equitable lien." I am very concerned that this may be considered by

a judge at the end of the Perles v. Kagy case to be a committment to maintain the $2,000,000.00 amount as security to pay any judgment entered for Ms. Kagy. I would request that the remaining balance on the $2,000,000.00 deposit be held without further deduction pending review of what was said in District Court to Judge Jackson on this point.

    I repeat my request for return of one half of the original escrow deposit amount. I did not agree to pay half of Anne Marie Kagy's compensation or half of any judgment entered on her behalf. I request that you immediately inform me should any enforcement upon the judgment entered against Steve Perles be attempted by Ms. Kagy. As I indicated in my letter of May 19, 2005, I do not consent to deposit of the Thomas Fortune Fay share of the escrow deposit as security upon any appeal bond or as security in the Court of Appeals.

    Very truly yours,

    Thomas Fortune Fay

TFF/pc