On January 16, 2007, the United States Court of Appeals for the District of Columbia Circuit vacated the judgment in favor of Ms. Kagy. *Steven R. Perles, P.C. v. Kagy*, 473 F.3d 1244 (D.C. Cir. 2007) (rehearing en banc denied April 3, 2007). The Court of Appeals ruled that Ms. Kagy had no contract entitling her to payment, but that she "is entitled to recover equitable compensation for her work on *Flatow* and *Eisenfeld* cases." 473 F.3d at 1253. The Court of Appeals remanded for the District Court to assess the total number of hours Ms. Kagy reasonably worked on the *Flatow* case, and to decide her "reasonable hourly rate."[6] The trial – before Magistrate Judge Kay – will take place on September 24-26, 2007.

On April 9, 2007, Mr. Perles filed a Counterclaim in this suit against Mr. Fay alleging, among other things, that Mr. Fay breached the fiduciary and contractual duties owed to him by refusing to share equally in the legal fees and costs in connection with the *Kagy* litigation as he agreed to and by improperly calculating fee awards in ongoing cases which cost Mr. Perles about $300,000.00. (Counterclaim at ¶¶ 23-26, 31, 33-35).

The *Kagy* litigation has a direct impact on this litigation. At issue in the *Kagy* litigation is the fee owed to her in connection with the legal services that she rendered in the two terrorism cases. Moreover, the total legal costs incurred as a result of *Kagy* litigation will not be known until that litigation is concluded in September 2007. At issue in this proceeding is the amount of contribution to be paid by Messrs. Perles and Fay towards Ms. Kagy's fee and the litigation costs involved with that suit. Thus, the

---

determined her to be entitled. In fact, Judge Kay found it "absurd" for Mr Fay to complain, nearly five years later and after judgment had been entered in that suit in favor of Ms. Kagy, that he did not know that his share of these escrowed proceeds might be used to pay Ms. Kagy. *See* Mem. Op. at pp. 9-10.

[6] The findings and conclusions of the Court of Appeals decision are set forth in *Perles, P.C., et al. v. Kagy*, 473 F.3d 1244 (D.D.C. 2007), and have been summarized herein for the Court's convenience.

damages asserted by Mr. Fay in this action cannot be calculated until the *Kagy* case is concluded. Further, the Court's decision in the *Kagy* case may serve to narrow the issues presented here.

## II.    STANDARD FOR GRANTING A MOTION FOR STAY

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). A court has broad discretion to stay a proceeding pending resolution of another action ongoing in another court or before the same court. *GFL Advantage Fund, Ltd v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003). A decision staying an action involves an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* A stay of an action is particularly appropriate if that action will impact the rights of both parties in another proceeding. *Landis*, 299 U.S. at 254-55.

## III.    LEGAL ARGUMENT

### A.    This Proceeding Should Be Stayed Because Plaintiff's Damages Are Unascertainable With Any Reasonable Certainty Until The *Kagy* Litigation Has Been Resolved.

It is well-established that a federal court may stay one proceeding pending resolution of another action upon a proper showing. *See, e.g.*, *Marsh v. Johnson*, 263 F. Supp.2d 49, 52 (D.D.C. 2003) ("[a] trial court has broad discretion to stay all proceedings in an action pending resolution of independent proceedings elsewhere."); *Bechtel Corp., et al. v. Laborers' Int'l Union of North America, et al.*, 544 F.2d 1207, 1215 (3rd Cir. 1976) ("... a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."). Indeed, the Supreme