# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Steven R. Perles, P.C., et al.
    Plaintiff
    & Counter Defendant

v.                                                           Civil No.1:01CV105
                                                                      Judge Ellen Segal Huvelle

Anne Marie Kagy,
    Defendant
    & Counter Plaintiff

v.

Steven R. Perles, Esq.
    Third Party Defendant

Thomas Fortune Fay
    Plaintiff

v.                                                           Civil No.1:05CV01209
                                                                       Judge Paul L. Friedman

Steven R. Perles, et al.
    Defendants

## AFFIDAVIT OF JANE CAROL NORMAN, Esq.

Pursuant to Local Civil Rule 5.1(h)(1), Jane Carol Norman, Esq., declares and states as follows:

(1) That I am an attorney and a member of the Bar of this Court in good standing.

(2) That from 2001 to 2004 I leased office space on the second floor of 700 Fifth Street, NW, Washington, D. C. 20001, for use as a law office during which time space at that address was also leased to Fay and Perles, FSIA Litigation, a partnership engaged in the prosecution of claims against terrorist nations on behalf of American victims of terrorist attacks.

(3) That I have participated with Fay and Perles, FSIA Litigation, in the prosecution of claims against the Islamic Republic of Iran filed in the United States District Court for the District of Columbia as Peterson v. The Islamic Republic of Iran.

(4) That I know both Steven R. Perles, Esq. and Thomas Fortune Fay, Esq. as a consequence of the above.

(5) That several years ago while we were both at 700 5th Street N.W. Steven R. Perles told me that he had purchased very expensive property in Massacusetts that was going to be his retirement home. However, he said that he had to title the property in some elaborate trust scheme under his childrens' names so as to avoid creditors. I said, "you mean Anne Marie Kagy?" and he said "yea." He said that the only problem with what he had done was that now his son Josh could throw him out of the Massachusetts home when he became a certain age since the home was in his name but he did not think Josh would ever do something like that. I said, "don't be so sure."

(6) In the same conversation, Steven R. Perles told me that he had consulted an attorney and had all of his properties and assets made creditor proof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of April, 2007 at Washington, DC.

Jane Carol Norman, Esq.