# AGREEMENT

THIS AGREEMENT is made and entered into at Washington, DC, this 26th day of February, 2001, by and between Thomas Fortune Fay, Esq. and Steven R. Perles, Esq.

**WITNESSETH:**

WHEREAS, the Partners intend to or have entered into contracts with various persons qualified to bring claims under the Foreign Sovereign Immunities Act against nations which have given material support to terrorist activities.

NOW THEREFORE, in consideration of the promises and mutual covenants made one to the other, be it and it is hereby agreed as follows:

1. The parties hereby form a Partnership for the limited purpose of prosecution of cases under the Foreign Sovereign Immunities Act, under the name and style of "Fay and Perles, FSIA Litigation" to take all lawful and ethical measures in the prosecution of FSIA, anti-terrorism litigation, and to carry out such actions as may be necessary, incidental, or convenient to such prosecutions.

2. The principal place of business of the Partnership shall be 601 Pennsylvania Avenue, NW, #900 – South, Washington, DC 20004 or at such other places as the Partnership may hereafter, from time to time, determine.

3. The Partnership shall commence as of the date of the execution of this Agreement and shall continue thereafter for a term of not less than one year, unless sooner dissolved and terminated by agreement of both Partners; provided, however, that the Partnership shall not be terminated by the bankruptcy, insolvency, appointment of trustee for the benefit of creditors, death, incompetency, or withdrawal of any Partner, but the remaining Partner shall have the rights and options as set forth below.

**EXHIBIT B**

4. Each Partner shall contribute to the Partnership, an initial contribution of capital and each Partner shall share in the net annual operating profits or losses of the Partnership in the following ratio unless adjusted as hereinafter provided:

Thomas Fortune Fay                    $100,000.00
Partner's Name                         Contribution

Steven R. Perles                       $100,000.00
Partner's Name                         Contribution

5. The capital of the Partnership shall be the aggregate amount of capital contributions made to it by the Partners. The initial capital to be contributed by each Partner shall be in cash. No Partner shall be required to make any additional contribution to the Partnership but shall make such additional contributions as agreed upon by all partners.

6. Contributions to the capital of the Partnership shall not bear interest. However, any advance of money to the Partnership by any Partner in excess of the amounts provided for in this Agreement or subsequently agreed to as a Capital Contribution shall not be deemed a Capital Contribution to the Partnership, but a debt due from the Partnership, and shall be repaid with interest at such rates and times as determined by a supermajority of the Partners. Such debts may have preference or priority over any other payments to the Partners.

7. Any amounts held by the Partnership and not required for purposes of its business, including reasonable reserves for contingencies, may be distributed to the Partners pursuant to the terms hereof.

8. The funds of the Partnership shall be kept in a separate account or accounts in a bank and/or savings institution in the name of the Partnership. All withdrawals from such accounts shall be made upon checks or drafts signed by either Partner.

9. Full and complete books of account shall be kept and maintained at the place of business and all transactions shall be entered in such books. Each Partner shall have access and the right to inspect and copy such books and all other Partnership records. The books shall be closed at the end of each calendar year and statements prepared showing the financial condition of the Partnership and its profit or loss.

10. Except as otherwise provided herein, no Partner shall make any contract for and on behalf of the Partnership without the prior approval of the other Partner. All contracts shall be made in the name of the Partnership and in the case of any disagreement as to the making of any contract or assumption of any obligation by the Partnership, such contract or obligation shall not be made or executed except as directed by both of the Partners; further, no Partner shall release nor cancel any indebtedness or obligation due the Partnership, except on full payment thereof, or upon the mutual agreement of all the Partners, nor shall any Partner give, extend, or guarantee credit to or for any person, firm, corporation without the consent of the other Partner, nor at any time shall any Partner sign the firm name nor pledge the firm's credit nor in any other manner act as surety or guarantor in any paper, bill, bond, note, or draft or other obligation whatsoever, nor assign pledge, mortgage, sell or otherwise dispose of, any Partnership property or any interest therein or do anything or permit any act whereby the Partnership's money, interest, or property or its interest therein, may be liable to seizure, attachment, or execution, except upon mutual consent of both of the Partners.

11. Each Partner may have other business interests and clients and may engage in any other business, trade, profession, or employment whatsoever on his own account or in partnership with, as an employee of, or as an officer, director, or stockholder of any other person, firm, or corporation, but may not act in competition with the Partnership. A Partner shall not be required to devote his entire time to the business of the Partnership. Each Partner shall devote such time and attention to

the conduct of the business of the Partnership as shall be deemed by both of the Partners to be required for the business of the Partnership.

12. No Partner shall receive any salary or other special compensation or services rendered by him as Partner of the Partnership, except as otherwise agreed by both of the Partners. Notwithstanding the foregoing, each Partner shall be permitted to do business with the Partnership.

13. It is understood that each of the parties hereto are Partners for the purpose of this Partnership as set forth in Paragraph 1 hereof, but nothing contained in this Agreement shall make any partner liable with respect to other business matters unrelated to the Partnership, or render them liable for any debts or obligations of any Partner, nor shall any Partner be hereby constituted the agent for any Partner except to the limited extent herein specifically permitted and as may be hereinafter agreed upon by consent of all the parties.

14. The Partnership may be dissolved at any time by agreement of both partners, or after one year, upon the option exercised in writing of either partner, in which event the partners shall proceed with reasonable promptness to liquidate the business of the partnership. The assets of the partnership and proceeds of liquidation shall be applied in the following order: (a) To the payment of or provision for all debts, liabilities and obligations of the Partnership to any person (other than Partners) and the expenses of liquidation; (b) To the payment of all debts and liabilities (including interest) to the Partners (except those on account of their capital contributions;(c) To the discharge of the balance of the income accounts of the Partners; (d) To the payment of the capital accounts of the Partners, less any previous distributions and any losses charged or chargeable to the capital accounts of the Partners and increased by any income or gains credited to such capital accounts; and (e) Between the Partners in equal shares.

the conduct of the business of the Partnership as shall be deemed by both of the Partners to be required for the business of the Partnership.

12. No Partner shall receive any salary or other special compensation or services rendered by him as Partner of the Partnership, except as otherwise agreed by both of the Partners. Notwithstanding the foregoing, each Partner shall be permitted to do business with the Partnership.

13. It is understood that each of the parties hereto are Partners for the purpose of this Partnership as set forth in Paragraph 1 hereof, but nothing contained in this Agreement shall make any partner liable with respect to other business matters unrelated to the Partnership, or render them liable for any debts or obligations of any Partner, nor shall any Partner be hereby constituted the agent for any Partner except to the limited extent herein specifically permitted and as may be hereinafter agreed upon by consent of all the parties.

14. The Partnership may be dissolved at any time by agreement of both partners, or after one year, upon the option exercised in writing of either partner, in which event the partners shall proceed with reasonable promptness to liquidate the business of the partnership. The assets of the partnership and proceeds of liquidation shall be applied in the following order: (a) To the payment of or provision for all debts, liabilities and obligations of the Partnership to any person (other than Partners) and the expenses of liquidation; (b) To the payment of all debts and liabilities (including interest) to the Partners (except those on account of their capital contributions;(c) To the discharge of the balance of the income accounts of the Partners; (d) To the payment of the capital accounts of the Partners, less any previous distributions and any losses charged or chargeable to the capital accounts of the Partners and increased by any income or gains credited to such capital accounts; and (e) Between the Partners in equal shares.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals the date and place first above mentioned.

_____  2/26/2001
Thomas Fortune Fay              Date

_____  3/18/2001
Steven R. Perles                Date