UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS FORTUNE FAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case Number 1:05CV01209 (PLF) |
| | ) |
| STEVEN R. PERLES, | ) |
| | ) |
| and | ) |
| | ) |
| GREENBERG TAURIG LLP, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION OF DEFENDANT GREENBERG TRAURIG LLP
TO PLAINTIFF'S MOTION TO CONSOLIDATE
AND FOR OTHER RELIEF**

Defendant Perles has advised the undersigned that he joins in this Opposition. For the reasons stated herein, the Court must deny the Motion (Docket # 34) of Plaintiff Thomas Fortune Fay, Esq., to consolidate this case with *Perles v. Kagy*, No. 1:01cv105 (ESH)(AK) ("the *Kagy* case"), and to "preserve" certain funds deposited with the Registry of the Court. The Motion violates the Local Rules of this Court, violates the Stay Order entered in this case on June 25, 2007, does not comply with applicable statutes, and, most importantly, lacks any basis in law or fact.

**I.    INTRODUCTION.**

The funds that Mr. Fay seeks to "preserve" were deposited in the Registry of the District Court pursuant to an order entered by Judge Kay in the *Kagy* case. Any motion with respect to those funds must be filed in the *Kagy* case, addressed to Judge Kay. But Mr. Fay is not a party to the *Kagy* case, and he has no standing to seek relief in that case. Judge Kay has denied

1

Mr. Fay's motion to intervene (filed for the same purpose of "protecting" Mr. Fay's purported interest in the same funds). *Kagy*, slip opinion, Docket # 135. In doing so, Judge Kay concluded that Mr. Fay "cannot plausibly contend that he was unaware the account might be used to pay out a judgment in favor of Ms. Kagy." Id., at 10. For him to contend otherwise now, Judge Kay recited, "is absurd." Id. The Court of Appeals dismissed Mr. Fay's appeal of that order. The order denying intervention still stands.

Now seeking to circumvent Judge Kay's denial of the motion to intervene, and without asking Judge Kay to reconsider (there are no changed circumstances that would support reconsideration), Mr. Fay has filed a "motion to consolidate" with this Court. But the motion to consolidate itself must be directed to Judge Kay, because *Kagy* is the earlier-filed case. Local Rule 40.5(d).

Meanwhile, Mr. Fay has himself previously objected to assignment of the *Fay* case to Magistrate Judge Kay for all purposes. *See* Rule 16.1 Report at 3, ¶ 3 ("Plaintiff does not agree to the assignment of a magistrate judge for all purposes."). And now Mr. Fay has objected to Judge Friedman continuing to preside over this case.[1] As a result, after having decided not to

---

[1] An unsupported motion to disqualify a judge for the purpose of judge-shopping must be denied. *See*, *e.g.*, *Rodriguez v. National Center for Missing & Exploited Children*, 2005 WL 736526 *2, 16-18 (D.D.C. 2005). Mr. Fay suggests that there exists reason to question Judge Friedman's impartiality in this matter, given a remote professional relationship with Steven M. Schneebaum, Esq., a shareholder in Defendant Greenberg Traurig, who is counsel of record for Mr. Perles in the *Kagy* litigation, and who has served the Court as designee of the Special Master in unrelated litigation. Mr. Fay has not explained the basis of his objection, and there is none which would require recusal under 28 U.S.C.A. § 455. At the status conference, the Court observed, "Frankly, I'm not sure I'd recognize [Mr. Schneebaum] if he walked in the courtroom." Tr. at 3. Mr. Fay's counsel then stated, "The only thing the Court hasn't told us is whether or not you really like his work." Tr. at 4. The Court replied, "I do. Now, of course, as you know, sometimes when you have special masters you like their work just because they save you time… But, no. I thought he's done very good work. I can't remember. I haven't agreed with him on every single point, but, anyway, that's --" Tr. at 4. Judges form opinions regarding the work product of attorneys on a daily basis, without creating a basis for recusal.

2

oppose entry of a stay order, Mr. Fay apparently seeks to have the cases consolidated and assigned to an entirely new judge– a result that would be highly prejudicial to the parties in the *Kagy* litigation, and to the Defendants here.  The *Kagy* case is being tried in September, while the *Fay* case remains in its infancy.

What Mr. Fay really seeks is a pre-judgment attachment of specific property, but Mr. Fay has not followed the rules for attachments, including having to post the required bond.

The Court must reject Mr. Fay's transparent efforts at judge-shopping and attempts to obtain relief without complying with the rules applicable to him.

II.     **PLAINTIFF'S MOTION TO CONSOLIDATE VIOLATES LOCAL RULE 40.5(d).**

Rule 40.5(d) of the Civil Rules of this District provides that a motion to consolidate cases pending before different judges "shall be heard and determined by the judge to whom the earlier-numbered case is assigned."  That is Magistrate Judge Kay in the *Kagy* matter, not Judge Friedman in this case.  Moreover, a motion to consolidate affects all of the parties in each of the cases proposed to be consolidated, and thus must be served on all parties in each case.  Plaintiff has not filed his motion to consolidate in the *Kagy* case at all.  Nor has he served counsel for the parties in the *Kagy* case, who are entitled to be heard on the consolidation issue.

The motion to consolidate must be denied for that reason alone.

III.    **PLAINTIFF'S MOTIONS VIOLATE THE STAY ENTERED IN THIS CASE, AND PLAINTIFF'S MOTIONS CANNOT BE HEARD ABSENT RELIEF FROM THE STAY.**

On June 25, 2007, the Court ordered that all proceedings in this case be stayed until the conclusion of the *Kagy* case.  Mr. Fay had notice of Defendant's motion seeking a stay and, at the status conference on June 8, 2007, Mr. Fay advised the Court that he intended to oppose the

3

motion for stay. However, Mr. Fay filed no opposition, thereby consenting to the issuance of the stay order.[2] Mr. Fay has thereafter obtained the benefits of the stay.[3]

Now, in open violation of the stay that he did not oppose, Mr. Fay implicitly asks the Court to reconsider its decision, and to permit the action to proceed. Yet, he does not even attempt to show why the stay should be lifted, and he does not explain why he should now be allowed to present arguments that he could have presented in opposition to the motion to stay. Each of Mr. Fay's current arguments could have been raised in response to the motion for stay, and there are no changed circumstances that would excuse Mr. Fay from not having done so.

For this reason, Plaintiff's motion must be denied.

## IV.    THIS CASE CAN BE TRANSFERRED TO JUDGE KAY ONLY IF ALL PARTIES CONSENT – AND THEY DO NOT.

The parties to the *Kagy* case agreed to have all proceedings in that case handled by Magistrate Judge Kay, under 28 U.S.C. § 636(c), and Judge Huvelle has ordered that the matter proceed to trial under that statutory provision. As this Court observed in its Minute Order dated July 30, 2007, consolidation can be ordered only if all of the parties to the *Fay* case also consent to assignment of the *Fay* case to Magistrate Judge Kay for all purposes. As set forth above, in the Rule 16.1 Report filed with the Court on May 15, 2007, Plaintiff himself objected to assignment of the *Fay* case to a Magistrate Judge for all purposes. *See* Rule 16.1 Report at 3, ¶ 3

---

[2] Mr. Fay was advised of the Defendants' plan to seek a stay during the Rule 26(f) conference of the parties. *See* Local Rule 16.3 Report, ¶ 6 at 4. Had Mr. Fay consented to the stay at that juncture, the cost of preparing the formal motion might have been avoided.

[3] Absent the Stay Order, Mr. Fay was obligated to have responded to Greenberg Traurig's First Set of Requests for Admission and First Set of Requests For Production Of Documents by June 25, 2007. In addition, when the Stay Order was issued, both Defendants had already served their Rule 26(a) Disclosures, while Mr. Fay's Rule 26(a) disclosures were significantly past due. Under F.R.Civ.P. 26(a)(1), disclosures were due 14 days after Rule 26(f) conference of the parties, and the Report of the parties in this case under Local Rule 16.1, which is a product of the Rule 26(f) conference, was filed on May 15, 2007. Mr. Fay's Rule 26(a) disclosures, which were due 14 days later on May 29, 2007, have not been served on the Defendants yet.

("Plaintiff does not agree to the assignment of a magistrate judge for all purposes."). Unless Mr. Fay has since changed his mind, the lack of agreement of all the parties precludes assignment of the case to Magistrate Judge Kay for all purposes. See Local Rule 73.1. If Mr. Fay has changed his mind, then, because of the potential disruption to the *Kagy* case by Mr. Fay, Defendant Greenberg Traurig does not consent to having the *Fay* case handled by Magistrate Judge Kay for all purposes.

Therefore, the motion to consolidate must be denied.

## V.     NO BASIS EXISTS FOR CONSOLIDATION IN FACT OR LAW.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of separate cases into a single action. It provides:

> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

F.R. Civ. P. 42(a). Under the Rule, the essential elements necessary to exist for consolidation are common questions of law or fact. The lack of common issues requires denial of the motion. *See Stewart v. O'Neill*, 225 F.Supp.2d 16, 21 (D.D.C. 2002) (tenuous affiliation of and loose connection between agencies involved insufficient to support consolidation).

### A.     There are no issues of fact or law common to the two cases.

At issue in the *Kagy* case is the amount of money owed to Ms. Kagy by Mr. Perles for her work on the *Flatow* and *Eisenfeld* cases. The *Kagy* case concerns the number of hours that Ms. Kagy worked and the value of those hours. *See Perles v. Kagy*, 473 F.3d 1244, 1254 (D.C. Cir. 2007). The *Kagy* case is set for trial in late September.

The issues to be decided in this case (the *Fay* case) are whether Mr. Fay must pay to Mr. Perles any part of what Mr. Perles is ordered to pay to Ms. Kagy and whether Mr. Fay must

pay part of the litigation costs incurred by Mr. Perles in litigating with Ms. Kagy. None of those issues will be decided in the *Kagy* case itself, a case to which Mr. Fay is not a party.

In moving to stay the *Fay* case, Mr. Perles noted that the issues in dispute between Mr. Fay and Mr. Perles required the *Kagy* case to be concluded first. In the *Fay* case, Mr. Perles seeks a judicial determination that Mr. Fay is responsible for one half of the *Kagy* judgment and one-half of the cost of litigating the *Kagy* case. Those amounts cannot be determined, obviously, until the *Kagy* case is concluded. From Mr. Fay's perspective, the result is the same. He contends that although he and Mr. Perles (who were at the time partners, he says) jointly deposited the sum of $2 million into the Patton Boggs trust account because of the lien claimed by Ms. Kagy (against the partnership assets, he says), it was wrong for Mr. Perles to have directed the payment the legal fees of defending the *Kagy* claim out of that fund, and it was wrong for Mr. Perles to have represented to the Court that fund would be used to pay the *Kagy* judgment.[4] These things were wrong, Mr. Fay contends, because they invaded Mr. Fay's "share"

---

[4] Asserting that Mr. Perles' use of the fund to pay ongoing legal expenses somehow violated representations that were made to the Court, Mr. Fay contends that "[t]he trial court record confirms that on six separate occasions … express representations were made to the district court that the funds on hold in escrow were preserved and could not be invaded." Memorandum in Support of Fay Motion To Consolidate at 4, note 4 (emphasis added). The record does not support this allegation. Of these six purported instances, only three were included in Mr. Fay's exhibits. They show that Mr. Perles advised the Court that the account contained "an amount which [Mr. Perles] believes will be sufficient to satisfy any judgment," Fay Mem., Exh D (10/17/02 transcript at 4). *See id* 1/29/03 transcript at 43 ("We set aside an amount in the trust account that, at least in my professional opinion, is far in excess of what I thought she could recover. But in any event, it is that amount of money, and it is there."); *and* 12/16/03 transcript at 27 ("Judge Jackson in open court asked me during oral argument at one of our hearings whether we had in fact respected that [equitable lien] by segregating an amount of money that we thought was sufficient to satisfy any judgment she might make, and I assured Judge Jackson that we had.") These representations were entirely accurate. When the judgment (since vacated) was entered in Ms. Kagy's favor, Mr. Perles posted the appeal bond, in cash, out of the set aside fund. However, in contrast to Mr. Fay's assertion, no representation has ever been made to the Court that the funds "could not be invaded," such that the funds would not be

of the money. If in fact Mr. Fay has suffered any damages at all, that cannot be determined until the amount of the judgment has been determined and paid, and the legal fees are paid, so that the amount by which Mr. Fay's alleged share was in fact "invaded" can be determined.

The fact that damages cannot be determined in the *Fay* case until the *Kagy* case is concluded does not mean that the *Kagy* case and the *Fay* case involve common issues of fact that should be tried together. Nor are there any common issues of law.

### B.     There is no "common property" involved in the two cases.

Despite the lack of common issues of fact or law, Plaintiff contends that both actions involve "common property" – namely the fund of money posted by Mr. Perles as an appeal bond in the *Kagy* case. Although Mr. Fay decries Mr. Perles' representations to the Court that the fund would be used to pay any judgment rendered in favor of Ms. Kagy, and contends that it was improper for Mr. Perles to have posted the appeal bond (because a portion of that fund was "his money," he says), the alleged "common property" is not before the Court in the *Fay* case.

In the *Fay* case, Mr. Fay has made no claim to recover a specific fund, and Mr. Fay has not sought to attach the fund to which his motion refers (unless his current motion seeks to attach the fund, a subject discussed *infra*). Instead, Mr. Fay has asserted a claim for money damages against Mr. Perles and Greenberg Traurig. Absent a pre-judgment attachment, Mr. Fay has no claim to assert against the specific fund, and he has no claim to assert against any other asset of the Defendants, until such time as he actually obtains a judgment. Therefore, there is no "common property" involved in the *Fay* case at all.[5]

---

used to pay legal fees. No such statement appears in the exhibits submitted by Mr. Fay or anywhere else.

[5] Because there is no common property, and no common issues of fact or law, the cases are not "related" within the meaning of Local Civil Rule 40.5, and no basis exists to depart from

C.  **Considerations of "convenience and economy" require denial of the motion to consolidate.**

Even if there existed an actual legal or factual basis for granting a consolidation motion, the Court should still deny it for at least two separate and distinct practical reasons.

First, the *Kagy* case has been pending for more than six years and is set for trial on September 24-26. Pretrial statements are due on August 10: that is, the very day on which this Opposition is being filed. The final pretrial conference will take place on September 10. The *Fay* case, by contrast, has hardly begun. Consolidation would have the inevitable effect of indefinitely delaying the *Kagy* case, to which all of the parties to that case, and Judge Kay, have committed themselves to a prompt resolution.

Second, Mr. Fay has repeatedly threatened to sue Mr. Schneebaum, counsel of record for Mr. Perles in the *Kagy* case, as a party defendant in the *Fay* case. While Defendant Greenberg Traurig cannot imagine any legal theory by which Mr. Schneebaum might be liable to Mr. Fay (with whom he never had an attorney-client or other contractual relationship), consolidation would require Mr. Schneebaum and Greenberg Traurig to withdraw from their representation of Mr. Perles and would preclude Mr. Perles from having the assistance at trial of the attorney who has worked with him on this matter since it was filed in 2001.[6]

VI.  **PLAINTIFF HAS NOT FULFILLED THE STATUTORY REQUIREMENTS FOR ATTACHMENT OF PROPERTY.**

Mr. Fay is not a party to the *Kagy* case, and this Court is not presiding over the *Kagy* case. Yet Mr. Fay seeks to have the Court in the *Fay* case enter an order restricting the use of funds

---

the rule of random assignment of cases. *See Howard v. Gutierrez*, 405 F.Supp.2d 13 (D.D.C. 2005) (Friedman, J.) (cases not "related" under Rule 40.5 despite identity of parties).

[6] Although he has sued Greenberg Traurig, Mr. Fay has acknowledged the lack of any basis to sue Mr. Schneebaum, repeatedly asserting that he needs to conduct discovery first. *See* Rule 16.1 Report at 2-3, ¶ 2. ("Plaintiff believes it is possible, after some discovery, that Steven M. Schneebaum and Patton Boggs, LLP may need to be included as defendants.").

deposited by Mr. Perles in the *Kagy* case. Mr. Fay asserts that he must be allowed to interfere in the *Kagy* case, so that he can collect the judgment he seeks in his action – a judgment he has not yet obtained (and may never get). Mr. Fay's effort to "preserve" the funds is a barely concealed request for a pre-judgment attachment, which under the Rules would require that Mr. Fay bear a heavy burden of proof and also post a bond.

Rule 64 of the Federal Rules of Civil Procedure governs the remedy that Mr. Fay seeks. It provides,

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought….

F.R.Civ.P. 64. Thus, District of Columbia law governs Mr. Fay's request for pre-judgment attachment of the funds. And to obtain pre-judgment attachment under District of Columbia law, Mr. Fay must comply with D.C. Code § 16-501. Section 16-501(a) provides:

> This section applies to any civil action in the United States District Court for the District of Columbia … for the recovery of:
> 
> (1) specific personal property;
> 
> (2) a debt; or
> 
> (3) damages for the breach of a contract express or implied.

Sections 16-501(c) and (d) required Mr. Fay to submit an affidavit setting forth particular facts with respect to the claim and the property he seeks to attach. No such affidavit has been submitted. Further, § 16-501(e) provides:

> Before a writ of attachment and garnishment is issued, the plaintiff shall first file in the clerk's office a bond, executed by himself or his agent, with security to be approved by the clerk, <u>in twice the amount of his claim,</u> conditioned to make good to the defendant all costs and damages to which he may sustain by reason of the wrongful suing out of the attachment….

D.C. Code § 16-501(e) (emphasis added). Mr. Fay has not posted the required bond.[7]

The bond, of course, must be provided to protect the rights of the Defendants. Mr. Fay seeks an order to prevent Mr. Perles from using the fund to pay both Ms. Kagy and the attorneys representing Mr. Perles in the *Kagy* litigation, yet in the same breath Mr. Fay asserts that "No conceivable damage to Messrs. Perles and Schneebaum can result" from an order "preserving" the funds.

Mr. Fay's refusal to recognize that his actions can cause damage does not mean no damages occur. Ultimately, the issue in the *Fay* case is whether the *Kagy* judgment and the costs of litigating the *Kagy* case are (as between Mr. Perles and Mr. Fay) joint obligations of the Fay/Perles partnership or an individual obligation of Mr. Perles alone. Rather than litigate this readily definable issue, Mr. Fay has chosen a different course and he has sought to use the litigation intentionally to harm the reputations of his partner, Mr. Perles and Mr. Perles' counsel in an attempt to coerce a result that he has not actually sought in the litigation; *i.e.*, delivery of the specific fund to him. He has called the fund at issue a "trust fund," although it is not. He has publicly accused Mr. Perles and his counsel of violating legal and ethical duties of trustees, although they have not. He has publicized the filing of this case, prompting District of Columbia Bar Counsel to investigate Mr. Fay's allegations of misconduct, and Mr. Fay has since demanded that he be allowed to take depositions of D.C. Bar Counsel, in order find out why Bar Counsel terminated his investigation. Mr. Fay has sued the law firm representing Mr. Perles in the *Kagy* case, and he has repeatedly threatened to sue the individual lawyer representing Mr. Perles.

---

[7] Similarly, Rule 65(c) of the Federal Rules of Civil Procedure provides, "No restraining order shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by the party who is found to have been wrongfully enjoined or restrained."

In the event that the funds were attached, it is certain that Mr. Fay would publicize that fact as further "proof" of wrongdoing by Mr. Perles and his counsel. The damages resulting from Mr. Fay's conduct and interference in the resolution of the *Kagy* litigation are substantial and significant. If Mr. Fay desires to have the funds attached, then he must follow the rules applicable to him in doing so.

## VII. CONCLUSION.

Mr. Fay's motions were filed in the wrong court, were addressed to the wrong judge, and violate the Local Rules, Court Orders and applicable statutes. The motions have no support in fact or law, and must be summarily denied.

Respectfully submitted,

/s/ Eric C. Rowe
Eric C. Rowe
D.C. Bar No. 466182
Greenberg Traurig LLP
800 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 331-3100

Counsel for Defendant
Greenberg Traurig LLP

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served upon the following by first-class mail, postage prepaid, and by email:

        John W. Karr, Esq.
        Karr & Allison
        Suite 300
        1920 N Street, N.W.
        Washington, D.C.  20036
        jwkarr@msn.com

        Douglas Bregman, Esq.
        Edward Paul Henneberry, Esq.
        Bregman, Berbert, Schwartz & Gilday PLLC
        7315 Wisconsin Avenue
        Bethesda, Maryland  20814

                                            /s/ Eric C. Rowe