United States District Court for the District of Columbia

| | |
|---|---|
| Thomas Fortune Fay, | ) |
| | ) Case No. 1:05-01209 (PLF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Steven R. Perles, and | ) |
| Greenberg Traurig, LLP, | ) |
| | ) |
| Defendants. | ) |

**Reply Memorandum in Support of Motion to Consolidate**

Thomas Fortune Fay, by counsel undersigned, submits this reply in support of his motion to consolidate. While there is no question that Mr. Fay's action is appropriate for consolidation with the *Perles/Kagy* action, the question of which judge should hear the cases—and this motion—is somewhat more involved than the simple LCvR 40.5 analysis put forth in the opposing memorandum. For the reasons the follow, the cases should be ordered consolidated and assigned to the Honorable Ellen Segal Huvelle, or to another judge whose calendar would accommodate the cases. Alternatively, this motion should be referred to the Calendar Committee for assignment and disposition.

1. <u>Mr. Fay's Case Should Be Consolidated with *Perles v. Kagy*</u>

Greenberg Traurig correctly observes that Mr. Fay is not a party to Case No. 01cv00105. Indeed, that Mr. Perles is playing poker with Mr. Fay's money is the nub of the issue. Mr. Fay seeks only to have the basic right of a litigant in federal court to have standing to assert claims, defenses and objections with respect to property in which he claims ownership, to wit, $1,000,000 of the $1,400,000 on deposit in the registry of this

Court, and to have his claims heard by a judge of this Court. While Magistrate Judge Alan Kay denied Mr. Fay's motion for leave to intervene in that case, Mr. Fay appealed that ruling, and his appeal was dismissed as moot when the Court of Appeals reversed this Court's judgment in favor of Anne-Marie Kagy. The findings of the magistrate judge thus have not been affirmed, and remain in dispute. Moreover, now that the *Perles/Kagy* case is once again in the pre-trial phase, the primary obstacle to Mr. Fay's bid for intervention has evaporated. But intervention, despite the protests of Greenberg Traurig, is not the issue: Mr. Fay is entitled to proceed with this original action against Mr. Perles and Greenberg Traurig, and good cause exists for its consolidation with the *Perles/Kagy* action.

It is unclear what Greenberg Traurig intended by its assertion that Mr. Fay did not move for reconsideration of the denial of his motion to intervene; he clearly did so. *See Perles, P.C. v. Kagy*, 394 F. Supp. 2d 68, 69 (D.D.C. 2005) ("the latest issue to present itself is Fay's motion for reconsideration. . ."). In disposing of Mr. Fay's appeal as moot, Ms. Kagy's judgment having been vacated, the Court of Appeals in *Perles/Kagy* directed that "the bond [the $1,400,000 in the registry of the court] that was the basis for Mr. Fay's attempted intervention will now be released." 473 F.3d 1244, 1254 (D.C. Cir. 1007). It is the release of these funds that is of most pressing concern, on which the parties have markedly different views. Mr. Fay's funds are at risk of imminent dissipation. Mr. Perles and Greenberg Traurig on August 6, 2007 filed a motion in Perles/Kagy to release the funds on deposit into the hands of Greenberg Traurig to be used, *inter alia*, for payment of Greenberg Traurig's fees in the Perles/Kagy litigation (Case No. 01cv00105, docket #145). One reason that only $1,400,000 of the original

$2,000,000 remains is that substantial payments for attorneys' fees and disbursements for the litigation of the past six years have already been made.

Greenberg Traurig asserts in the August 6 motion that Mr. Fay "voluntarily" agreed to pay half of the litigation costs in connection with Ms. Kagy's claim against Mr. Perles for an alleged promise of a large bonus for her work on the cases in which he and Mr. Fay were co-counsel.  (Ms. Kagy was the employee of Mr. Perles' professional corporation alone, and, even in the context of their joint representation of victims of terrorism, Mr. Fay and Mr. Perles bore their respective obligations as employers separately.)  It is one thing to suggest that Mr. Fay agreed to contribute to litigation expenses (which Mr. Fay vigorously disputes) but quite another to urge that the funds deposited in Court from the joint account of Mr. Fay and Mr. Perles are now the property of Mr. Perles alone, as Greenberg Traurig appears to contend.  Regardless of any claims which Mr. Perles might assert against Mr. Fay, nowhere does Greenberg Traurig suggest a rationale for depriving Mr. Fay of his money in the interim.

Thus, Mr. Fay continues in his quest for standing in this Court to have his half of the original amount on deposit returned to him, rather than to Greenberg Traurig to be depleted for the payment of attorneys' fees in Mr. Perles' dispute with Ms. Kagy. Greenberg Traurig, it should go without saying, is naturally interested in maintaining control of a fund from which to be paid for its representation of Mr. Perles.

This Court on July 30, 2007 entered a minute order suggesting that consolidation of this action with Case No. 01cv00105 could require all parties to consent to proceed before Magistrate Judge Alan Kay, to whom a reference for all purposes was made by consent of the parties in the earlier action, and inviting briefing on that issue.

> MINUTE ORDER: Plaintiff Fay has filed a motion to consolidate this lawsuit with Civil Action No. 01-0105, Perles v. Kagy, which is currently before Magistrate Judge Alan Kay for all purposes by consent of the parties. In order for this case to be consolidated with that case, therefore, the parties would have to consent to having this case be handled by Magistrate Judge Kay for all purposes. See Local Civil Rule 73.1. The parties should address this issue in any opposition and/or reply briefs relating to this motion. Signed by Judge Paul L. Friedman on 7/30/07.

As a litigant in federal court, however, Mr. Fay is entitled to present his case before an Article III judge, *see Roell v. Withrow*, 538 U.S. 580 (2003), and not to be prejudiced by withholding consent to proceed before a magistrate judge. 28 USCS §636(c) provides:

> Notwithstanding any provision of law to the contrary . . .
>   (2) If a magistrate [magistrate judge] is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate [magistrate judge] to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate [magistrate judge] may again advise the parties of the availability of the magistrate [magistrate judge], but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrates [magistrate judges] shall include procedures to protect the voluntariness of the parties' consent.

Similarly, LCvR 73.1 provides, "by consent of all parties . . . a magistrate judge may conduct any and all proceedings in a civil case." Subsection (b) emphasizes that the parties "are free to withhold consent without adverse substantive consequences."

Greenberg Traurig correctly observes that motions to consolidate "are to be heard and determined by the *judge* to whom the earlier-numbered case is assigned," LCvR 40.5(d), and if such motion is granted, the case is to be reassigned in accordance with LCvR 40.5(c), which provides, in part, that the Calendar Committee "shall assign the case to the judge having the earlier case." The difficulty is that Greenberg Traurig

appears also to assert that the if consolidation is to be ordered, both this motion and Mr. Fay's case *in toto* must be referred to the magistrate judge.

This motion was properly filed with this court, at least insofar as there appears to be a lack of agreement whether, if filed in the *Perles/Kagy* case, it should be heard by Judge Huvelle or by Magistrate Judge Kay. Mr. Fay maintains that it would properly be heard by Judge Huvelle, while others hold the view that Magistrate Judge Kay should hear all matters touching on the *Perles/Kagy* case.

In *Kalan v. City of St. Francis,* 274 F.3d 1150 (7th Cir. 2001) the Court of Appeals for the Seventh Circuit very clearly resolved the present issue in the context of a motion to intervene:

> "*Mendes* is consistent with our decisions construing §636(c)(1) under analogous circumstances. For example, we have held that when a new party intervenes in a case proceeding before a magistrate judge by consent of the original parties, 'unless the latecomer, too, consents, the whole proceeding before the magistrate judge may be set at naught.' *Gruber*, 38 F.3d at 370 (citing *Jaliwala*, 945 F.2d 221). This rule derives from the axiom that *the consent of the intervenor cannot be inferred*. *Id*. Here, we have a new magistrate judge instead of a new party. But we can no more infer that consent to a specific, named magistrate judge constitutes consent to a different magistrate judge than we would infer the consent of an intervening party from the consent of the original parties. "We see no virtue in permitting our jurisdiction to depend on inferences where both the statute and common sense call for precision."

274 F.3d 1150, 1152-53, citing *Jaliwala v. United States,* 945 F.2d 221, 224 (7th Cir. 1991) ("The standards regarding the validity of consent must be carefully observed, for as we have previously noted valid consent is the linchpin of the constitutionality of 28 U.S.C. §636(c)").

In *Mendes Junior Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920 (5th Cir. 1992), the Court of Appeals for the Fifth Circuit held that consent to proceed before a particular

magistrate judge did not, following that judge's investiture as a bankruptcy judge, operate as a valid consent to proceed before any other magistrate judge.

In *Perles v. Kagy*, 394 F. Supp. 2d 68, 70 (D.D.C. 2005), Magistrate Judge Kay indeed observed that the issue whether a motion to intervene may be decided by a magistrate judge has not been decided in this district, but that "other courts have concluded that a motion to intervene is a non-dispositive pretrial motion that *may be* referred to a magistrate judge pursuant to 28 U.S.C. §636(b)(1)(A) and Rule 72(a)." The Court continued, "it appears a district court judge *could have* referred Fay's motion to intervene to this Court without Fay's consent. 394 F. Supp. 2d 68, 70. But the Court did not do so. Magistrate Judge Kay rejected the position of the Second Circuit, that a motion for leave to intervene is essentially a dispositive motion, not suitable for involuntary reference to a magistrate judge. Mr. Fay respectfully disagrees with this analysis, inasmuch as it affords greater protections to a plaintiff or defendant with a meritless position in litigation than to an intervenor who may have a strong claim to be asserted in already pending litigation. In ruling on a motion to intervene, the court should be at least as concerned for the interests being asserted by the intervenor as those of the original parties. In addition, an intervenor, once granted the status of a party, may object to the reference to the magistrate judge; could it be that the very same party, asserting the same federal issues, could be made involuntarily subject to the decision by a magistrate judge whether his claim could proceed at all? These questions aside, Mr. Fay is no longer an intervenor, but is a party, and is entitled to exercise his right under the Constitution and Section 636(c) to proceed before an Article III judge.

However unsettled the status of an intervenor may be (whether a party, or "not yet a party") there is no question that Mr. Fay, the plaintiff in this action, is a party. Thus, while this motion may also properly have been filed in *Perles/Kagy*, to be heard by Judge Huvelle, in light of the apparent sentiment that any matter touching on the *Perles/Kagy* litigation should be heard by Magistrate Judge Kay, possibly the better approach would be for the case to be referred to the Calendar Committee for further proceedings on this motion. LCvR 40.5(d) provides that a case to be consolidated shall be reassigned in accordance with section (c). And LCvR 40.5(c)(2) provides a mechanism whereby the "judge having the later numbered case may transfer that case to the Calendar Committee."

Further, even if the reference of the *Perles/Kagy* action to the magistrate judge were not to be withdrawn, consolidation does not require that all procedures be employed identically in the consolidated matters. Fed.R.Civ.P. 42(a) ("the court . . . may order a joint hearing or trial of *any* or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"). Cases may be consolidated for some purposes and not others. *See Rankin v. Shayne Bros., Inc.,* 234 F.2d 35, 39 (D.C. Cir. 1956) (consolidation was permissible, but separate trials could still be authorized in furtherance of convenience or to avoid prejudice); *Kelly v. Greer*, 295 F.2d 18, 21 (3d Cir. 1961) ("if certain issues come up which should be tried separately in order to avoid confusion on the part of the jury, such separate hearings can be ordered and held"); *State Mut. Life Assurance Co. v. Peat, Marwick, Mitchell & Co.*, 49 F.R.D. 202, 207 (D.N.Y. 1969) (Rule 42(a) empowers court to order consolidation for pre-trial purposes). The

mechanisms of consolidation are not so rigid as to require that Mr. Fay's claim be assigned to the magistrate judge for all purposes in order that he be afforded the opportunity to assert claims and objections with respect to his funds on deposit in the registry of the Court.

2. <u>The Court and Mr. Schneebaum</u>

Greenberg Traurig appears to misunderstand that portion of Mr. Fay's motion, in which he objects to the Honorable Paul L. Friedman presiding over this case, as an unsupported motion to disqualify. Rather, Mr. Fay has responded to the Court's invitation at the June 8, 2007 status hearing for objections, if any, to his presiding over the case because of a close working relationship with Mr. Schneebaum, who is expected to be a witness in this case.

3. <u>Conclusion</u>

In sum, good cause exists for consolidation, because Mr. Fay asserts a substantial claim to $1 million of the funds originally deposited in the registry of the court in *Perles/Kagy*, and consolidation would afford Mr. Fay the opportunity to participate in the litigation which may decide the disposition of the $1 million which he claims. As discussed in Mr. Fay's opening memorandum of points and authorities, it is immaterial that he has not moved for prejudgment attachment of a portion of the funds. The very essence of a deposit of funds into the registry of the Court is that they are protected during the pendency of a dispute, and Mr. Fay may oppose the release of such funds by appealing to the Court's inherent powers by way of motion or other objection.

For the foregoing reasons, Mr. Fay respectfully submits that his motion to consolidate should be referred to the Calendar Committee for assignment and determination by a judge of this Court.

                                              Respectfully submitted,

                                              _____/s/_____Theodore S. Allison_____
                                              Theodore S. Allison (Bar No. 441089)
                                              KARR & ALLISON, P.C.
                                              1300 19th Street, N.W., Suite 402
                                              Washington, D.C.  20036

                                              Telephone (202) 331-7600

                                              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2007, true copies of the foregoing reply memorandum were served on the interested parties by electronic means: Douglas Bregman and Edward P. Henneberry, Bregman, Berbert, Schwartz & Gilday, PLLC, 7315 Wisconsin Ave., Bethesda, MD; Eric C. Rowe, Greenberg Traurig LLP, 800 Connecticut Ave., NW Suite 500, Washington, DC 20006.

                                              /s/ Theodore S. Allison
                                              Theodore S. Allison