# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**THOMAS FORTUNE FAY**,
Plaintiff,

v.

**STEVEN R. PERLES, et al,**
Defendants.

Civil Action No. 05-1209(PLF)(AK)

## MEMORANDUM ORDER[1]

Pending before the Court is Plaintiff's Motion to Consolidate [34], Defendants' Opposition [36], and Plaintiff's Reply [37].[2]  Plaintiff moves to consolidate this case with *Perles v. Kagy*, Civil Action No. 01-105.  Plaintiff also moves for an order preserving funds that were deposited with the Registry of the Court in *Perles v. Kagy*.

## I.      Fay's Motion to Consolidate is Moot

On December 17, 2004, the parties in *Perles v. Kagy* consented to proceed before a Magistrate Judge for all purposes and the case was formally re-assigned from Judge Huvelle to the undersigned

---

[1] The case was referred to the undersigned Magistrate Judge for resolution of Plaintiff's Motion to Consolidate, pursuant to Local Civil Rule 72.2(a).  (*See* Order dated 10/25/07 [40].)

[2] Fay contends that it is improper for this Court to rule on his Motion to Compel and that it should be transferred to Judge Huvelle for consideration.  (Pl.'s Reply [37] at 5.)  As the docket in *Perles v. Kagy*, indicates, however, Judge Huvelle has not been assigned to this case since December 23, 2004.  The only means by which Fay could bring his Motion to Compel was to file it with Judge Friedman in *Fay v. Perles*, as he has no standing to seek relief in *Perles v. Kagy*.  Judge Friedman properly referred this Motion to this Court pursuant to Local Rules 40.5(d) and 72.2(a).  *See also Carcaise v. Cemex, Inc.*, 217 F.Supp.2d 603, 604 n.1 (W.D. Pa. 2002) (stating that a Magistrate Judge "has the authority to rule on [a] request to consolidate as a non-dispositive motion" when that motion has been referred to the Magistrate Judge by a District Judge).  Therefore this Court has jurisdiction to rule on Fay's Motion.

1

Magistrate Judge.  (*See* Docket Entries in 01-cv-105 on 12/17/04 and 12/23/04.)  A bench trial was

held in *Perles v. Kagy* on September 24-26 and October 19, 2007 and the Court issued its judgment,

awarding Kagy $291,817.55 in equitable compensation and prejudgment interest, on November 13,

2007.  As the *Perles v. Kagy* litigation is now concluded, consolidation of that action with *Fay v.*

*Perles* is impossible.[3]  Therefore Fay's Motion to Consolidate must be denied as moot.


**II.    Fay's Motion to Preserve Funds on Deposit with the Court is Moot**

Fay also moves for an order to preserve the $1,450,000.00 that Perles deposited with the Court

Registry Investment System as an appeal bond in 2005.  (Pl.'s Mot. [34-2] at 4-5.)  Fay's request to

preserve these funds is now moot, however, because this Court ordered that the money be released to

Perles on September 12, 2007.  (*See* 01-cv-105, Memorandum Order [157].)  Therefore Fay's Motion

to preserve these funds must be denied.

**CONCLUSION**

For the foregoing reasons, it is this   14th   day of November, 2007 hereby

**ORDERED** that Plaintiff's Motion is **denied as moot**.


                                        /s/
                                        ALAN KAY
                                        UNITED STATES MAGISTRATE JUDGE


---

[3] Even if *Perles v. Kagy* was ongoing, consolidation would still be inappropriate for two reasons.  First, the two cases were at different stages of litigation at the time that Fay filed his Motion - *Perles v. Kagy* was only two months from trial while *Fay v. Perles* was just starting.  Consolidation would have the undesirable and inefficient effect of putting *Perles v. Kagy* on hold to allow *Fay v. Perles* to "catch up."  *See, e.g., Watkinson v. Great Atlantic & Pacific Tea Co.*, 585 F. Supp. 879, 883 (E.D. Pa. 1984); *Kligo v. Bowman Transp. Inc.*, 570 F. Supp. 1509, 1513 (N.D. Ga. 1983). Second, Judge Friedman stayed *Fay v. Perles* pending the outcome in *Perles v. Kagy* (Minute Order dated 7/30/07).  Therefore to grant the Motion to Consolidate would be to overrule Judge Friedman, something this Court cannot and will not do.  *See Fieldwork Boston, Inc. v. United States*, 344 F.Supp.2d 257, 274 (D. Mass. 2004) (holding that a Magistrate Judge does not have the power to alter prior rulings by a District Judge unless the parties in that case consent to proceeding before the Magistrate Judge for all purposes).